## OKLAHOMA NATURAL GAS CORP. et al. v. GILCHRIST et al.

No. 23072. Opinion Filed May 24, 1932.

Clayton B. Pierce and Fred M. Mock, for petitioners.

L. L. Chambers, for respondents.

McNEILL, J. This is an original action in this court brought by petitioners, the Oklahoma Natural Gas Corporation and the Aetna Life Insurance Company, its insurance carrier, to review an order and award of the State Industrial Commission, made and entered on October 22, 1931, wherein respondent K. A. Gilchrist was awarded compensation in addition to a former award made by the Commission.

On June 25, 1930, there was filed with the State Industrial Commission, Form No. 7, styled "Stipulation and Receipt," signed by said respondent, and Form 14, styled "Agreement between employer and employee as to the facts with relation to an injury and payment of compensation thereof," signed by petitioners and respondent. The agreement, on said Form 14, recites that said respondent has no permanent disability, etc., and that:

"Claimant has been working, but has been having some trouble and wants to go to Canada, so we have agreed with claimant on compromise settlement of one hundred fifty dollars ($150) in addition to one week's compensation at $15.39 heretofore paid. This settlement, it is understood by all parties, to be full, final and complete settlement of this case.* * *"

The foregoing was typewritten in said form. The following language, to wit:

"The foregoing agreement is herewith submitted for the order, decision or award of said Commission, under the provisions of section 7, chapter 61, Compiled Statutes of Oklahoma, 1921. It is a condition, however, of this agreement that in the event a change in condition occurs or arises, that the same shall not be final, but may be reopened and reviewed as provided by section 7296, Compiled Oklahoma Statutes, 1921"

—was printed in said form and immediately preceded the signatures of the employer and employee.

On August 27, 1930, the Commission approved this settlement and ordered the case closed, reciting therein as follows:

"Now on this 27th day of August, 1930 * * * this cause comes on to be considered pursuant to a stipulation and receipt filed by the parties herein on June 25, 1930, and the Commission, having examined the record and having considered said stipulation and receipt, finds that claimant was injured March 15, 1930; that disability ended 6-12-30, and that claimant received compensation for temporary total disability to sprain side at the rate of $15.39 per week for said period of 1 week and ____ days, based on a wage of $24 per week.

"And further finds claimant has received compensation at said rate for a period of 1 week and —— days in the total amount of $150.

"It is therefore ordered: That said amount so paid for temporary total disability be approved and that the case be closed."

The petitioners make no contention that the evidence does not show a change of condition, but urge that the agreement filed on June 25, 1930, and the order of August 27, 1930, based thereon, was a final settlement upon joint petition as contemplated by 7325, C. O. S. 1921, as amended by section 13, chapter 61, Session Laws 1923, and that in the absence of fraud, the Commission is without jurisdiction thereafter to reopen the case and award additional compensation.

Petitioners urge Mabee v. Crowder, 148 Okla. 248, 299 P. 417, as authority for their contention. An examination of the record in that case shows that the agreement specifically provided that the same should be pursuant to section 7325, C. O. S. 1921. There was no reference to section 7325, supra, in the agreement in the instant case.

There was nothing in said order of August 27, 1930, approving such agreement of settlement inconsistent with the provision in said agreement, "that in the event a change in conditions occurs or arises, that the same shall not be final, but may be reopened and reviewed as provided by section 7296, Compiled Oklahoma Statutes, 1921." The order approving the settlement was subject to review upon proof of change of conditions, as provided by said section 7296, C. O. S. 1921.

Award affirmed.

HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and RILEY, J., absent.