## MID-KANSAS OIL & GAS CO. v. STATE INDUSTRIAL COM. et al.

No. 23346.   Opinion Filed March 21, 1933.

A. M. Gee and H. G. Ross, for petitioner.

Emerson & Carey, for respondent Virgil Furbee.

CULLISON, V. C. J.   This is an original proceeding in this court by the Mid-Kansas Oil & Gas Company to review an order and award of the State Industrial Commission made and entered January 9, 1932, in favor of Virgil Furbee, claimant.

The record discloses that claimant, Virgil Furbee, on July 11, 1928, while working for the petitioner herein, sustained an accidental personal injury arising out of and in the course of his employment when a piece of steel struck him in his left eye, resulting in total blindness of said member. On October 13, 1928, the State Industrial Commission made and entered its order awarding claimant 100 weeks for the total loss of vision of his left eye at the rate of $15.39 per week. On November 16, 1928, claimant filed with the State Industrial Commission an application for lump sum settlement. Petitioner herein notified the Commission that such was agreeable with it, and, on November 24, 1928, the Commission commuted the 82 weeks' compensation then due claimant, by reason of the complete loss of his left eye, to a lump sum. On August 25, 1931, claimant filed his motion to reopen his case on the grounds that his condition had grown worse since the award of the State Industrial Commission, and that he now has a permanent partial loss of vision in his right eye. This motion was sustained by the Industrial Commission after a full and complete hearing herein, and an order made and entered on January 9, 1932, finding that claimant had sustained 25 per cent. loss of vision in his right eye due to a sympathetic condition from the injury to the left eye, and awarded him therefor 212½ weeks' compensation at the rate of $15.39 per week, in addition to the 100 weeks which claimant had been paid for the total loss of vision of his left eye.

It is from this award that the petitioner, Mid-Kansas Oil & Gas Company, has perfected its appeal, setting out five propositions upon which they ask this court to reverse the order and decision of the State Industrial Commission.

Petitioner first contends that claimant failed to sustain the burden of proof of showing that the injury complained of was accidental and arose out of and in the course of his employment. We observe, at page 34 of the record, the following stipulation inserted by Mr. Ross, counsel for the petitioner herein:

"By Mr. Ross:   It is hereby stipulated by and between the parties hereto that the claimant was working for respondent on July 11, 1928; that he sustained an injury on said date, resulting at that time in total loss of vision of his left eye. That a claim was filed before the Commission for said eye; that award was made thereon by the Commission for total loss of vision in the left eye. That the wages were $4. per day, $15.39 per week, for 100 weeks, $1,539 was the award."

We think the foregoing stipulation by this petitioner admits that the injury was accidental and arose out of and in the course of claimant's employment, and consider the proposition urged to be without merit.

Petitioner next contends that the cause and effect of claimant's injury was not properly testified to by skilled and professional men. Upon this question, three witnesses testified, namely, the claimant and Doctors C. F. Loy and A. L. Guthrie, eye, ear, nose, and throat specialists, in behalf of the claimant. The claimant testified that he had never had any trouble with his eyes before the accident. Dr. Loy testified: "It is my opinion that the impairment of vision in his (claimant's) right eye is the result of the injury to his left." Dr. Guthrie used the following language: "I can find no other cause to attribute the loss of vision. You would have to suppose this loss of vision is due to the accident." Petitioner contends that such testimony should not be considered because it is not definite enough and does not state medical facts upon which such testimony is based.

The record discloses medical testimony to the effect that the change in condition of claimant's right eye since the former award is due to a sympathetic condition caused by inflammation of claimant's left eye due to the original injury to said left eye. We think the medical testimony presented to the Industrial Commission competent evidence concerning the cause and effect of claimant's injury, and hold against petitioner on its second contention.

Petitioner's third contention is that the findings of fact by the Commission are not supported by any evidence. Under this proposition, petitioner relies upon the fact that the medical testimony adduced was based upon the history given the doctors by the claimant, and an examination in the light of that history. Claimant testified, upon cross-examination by petitioner, that both his eyes were in perfect condition, and that he had never had any trouble with them until the injury; that he became nearsighted after the injury, and that he attributed the near-sightedness to the injury. Had claimant had anything radically wrong with his eyes prior to the injury, he certainly would have known it; his testimony to the contrary is competent evidence. No other witness testified that claimant was near-sighted prior to the injury. It follows that if such can be considered the true history, we cannot say that the opinions of Doctors Loy and Guthrie were not put upon a proper basis. We, therefore, hold that there was competent evidence to support the findings of fact by the Commission.

Petitioner's **fourth proposition** is that no particular form of pleading is required to give the Industrial Commission jurisdiction to hear and determine a claim for compensation. This proposition will be discussed in connection with the fifth and last proposition, which is that the application of claimant for lump sum settlement, together with a certain letter of petitioner with reference to said lump sum settlement, and the order of the Commission of November 24, 1928, commuting the compensation payments for the loss of claimant's left eye to a lump sum settlement, constitute a joint application for, and a joint petition award, as contemplated under section 7325, C. O. S. 1921, as amended by Session Laws 1923 [O. S. 1931, sec. 13391].

Under these two propositions, petitioner contends that if the instruments, to which it refers, constitute a joint petition award as alleged, the Commission was without jurisdiction to reopen the case upon claimant's motion and award further compensation for the allegedly related disability to claimant's right eye.

The record discloses the facts to be: Claimant's injury was on July 11. 1928. His employer and attending physician filed their reports with the Commission three days later. There was filed with the Commission on July 17, 1928, report of initial payment of compensation by the employer. On August 22, 1928, claimant filed his first notice of injury and claim for compensation, as well as a motion for lump sum settlement. A hearing was had September 13, 1928, upon these matters. At the hearing claimant's attorney amended his pleadings so as to eliminate the question of a lump sum settlement at that time, and the only question before the Commission was the extent of disability, the employer admitting the accidental injury to claimant in the course of his employment with them. On September 24, 1928, the employer wrote a letter to the Commission, the material portions of which are as follows:

"Pursuant to notice and on motion of claimant for lump sum settlement, the above-styled case came on for hearing before F. L. Roblin, Commissioner, September 13, 1928. and after hearing the testimony of the claimant, it was agreed between counsel for claimant and respondent that the hearing be adjourned for the purpose of enabling the claimant to submit to respondent proof of loss of vision in the left eye. by Dr. H. P. Price of Tulsa, Okla. It was further agreed that if the proof, as submitted by Dr. Price, satisfied the respondent that claimant had lost the complete vision of said eye, approval would be noted on said report and filed with the Commission, but if said report did not satisfy respondent, its disapproval would be noted thereon and the case reset for further hearing at Tulsa.

Okla., at such time as the Commission might designate.

"This is to advise that we have received a written report from Dr. H. P. Price of Tulsa, Okla., in which he states that Mr. Furbee has sustained complete loss of vision in the left eye. This report satisfied respondent, and upon this evidence and the balance of the evidence heretofore submitted, it is agreeable to respondent that the Commission make and enter an appropriate order, pursuant to statute in such cases made and provided. I enclose herewith said report of Dr. Price with our approval noted thereon. * * *"

On October 13, 1928, the Commission awarded claimant compensation for 100 weeks at the rate of $15.39 per week, and on November 16, 1928, the claimant petitioned the Commission for lump sum settlement.

Said petition for lump sum settlement recites that the former order had fixed the liability of the employer on account of claimant's injury, and adjudicated the extent of the injury and the compensation allowed thereunder; prays for an order authorizing and directing a lump sum settlement of the entire liability, and agrees that a 3 per cent. reduction may be allowed the employer in such settlement as an inducement therefor. The petition further states that the claimant is a minor, and in order to support the family has petitioned the district court and obtained judgment by which his majority rights have been conferred upon him in order that he may contract the settlement of this matter and make legal contracts in connection with his business affairs. Said petition attaches certified copy of the judgment of the district court referred to.

On November 24, 1928, the Commission entered its order, wherein the remaining 82 weeks' compensation then due claimant by reason of the complete loss of his left eye was commuted to a lump sum. Said order recites that this cause comes on for consideration on application of claimant for a lump sum settlement, and that the Commission is of the opinion that it would be to the interest of claimant and in the furtherance of justice to commute to a lump sum payment the unaccrued compensation due under the award heretofore made in this cause on the 13th day of October, 1928, and concludes with the last important paragraph, as follows:

"It is further ordered: That within 10 days from this date the respondent, Mid-Kansas Oil & Gas Company pay to claimant any compensation due to November 19, 1928, and in addition thereto the sum of $1,232.67, being the present worth of the remaining 82 weeks' compensation due from November 19, 1928, under the award heretofore made and entered in this cause on the 13th day of October, 1928, making an aggregate payment of 100 weeks' compensation, and being in full and complete settlement of this cause."

On August 25, 1931, claimant filed his motion to reopen his case on the grounds that his condition had grown worse since the award of the State Industrial Commission, and that he now has a permanent partial loss of vision in his right eye.

As heretofore stated, hearings were had thereon November 16, 1931, December 8, 1931, and January 6, 1932. The order of January 9, 1932, granted claimant compensation by reason of a change in condition since the award of November 24, 1928.

Petitioner contends, under its last two propositions, the instruments filed as outlined were sufficient to give the Commission jurisdiction to hear and determine a joint petition for final settlement, and that the foregoing instruments having amounted to that, and having been approved by the Commission, the case was forever closed, no appeal having been taken, and the award of the Commission of January 9, 1932, by reason of change in conditions is void, the Commission being without jurisdiction to promulgate the same.

We cannot agree. This court, in Tippin v. State Industrial Commission, 134 Okla. 179, 272 P. 848, held, in substance, that it is the content of the final award, the making of which is optional with the Commission, that becomes binding upon the parties. In the case at bar, the award of November 24, 1928, commences with the recital of the fact that the cause comes on for consideration on application of claimant for a lump sum settlement, and after commuting the remaining 82 weeks' compensation for loss of the left eye to a lump sum, concludes with the phrase "and being in full and complete settlement of this cause." There is no reference to section 7325, C. O. S. 1921, as amended by the Session Laws of 1923 (section 13391, Okla. Stats. 1931), which provides for settlements on joint petition. Neither is there contained in said award any intimation that the Commission gave up its continuing jurisdiction over the matter, but, on the contrary, the purpose of the award was plainly to commute the unaccrued compensation to a lump sum, in pursuance of the application of claimant therefor.

The petition to vacate is denied, and the award affirmed.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.