## WILLIAMS BROTHERS, Inc., v. STATE INDUSTRIAL COMMISSION et al.

No. 23377.  Opinion Filed April 25, 1933.

Gibson, Maxey & Holleman, for petitioner.

Cooke & Jackson and A. L. Jeffrey, for respondent R. Barnett.

J. Berry King, Atty. Gen. and Robert D. Crowe, Asst. Atty. Gen., for respondent State Industrial Commission.

CULLISON, J. This is an original proceeding to review an award of the State Industrial Commission of February 3, 1932, in favor of R. Barnett, claimant, as against Williams Bros., Inc., petitioner herein.

The record discloses that on August 25, 1930, claimant sustained an accidental injury to his back, arising out of and in the course of his employment with petitioner herein to remove rocks from a pipe line ditch. Claim for compensation was filed with the Industrial Commission October 15, 1930. Fifteen days later the Commission made an order approving the payment of $48.73 to claimant for temporary total disability. Motion to reopen was filed February 2, 1931, a hearing had thereon, pursuant to which the Commission made its further order of April 6, 1931, awarding claimant $212.89, as compensation for temporary total disability since the injury.

This order was amended on May 5, 1931, to include the words "less any compensation heretofore paid." Thereafter, a second motion to reopen was filed August 17, 1931, upon which two hearings were had, but no order entered. On January 7, 1932, a supplemental motion to reopen was filed by claimant, upon which two hearings were had, at the conclusion of which the Commission entered its order and award of February 3, 1932, which is made the subject of this proceeding to review. Said award sustains claimant's motion to reopen of August 17, 1931, and finds that claimant has sustained a permanent partial disability by reason of the injury in the amount of 5 per cent. of 300 weeks, or 15 weeks,

on account of a change of condition of claimant after said temporary total disability ceased, and ordered petitioner herein to pay claimant said compensation, amounting to $230.85. No question is raised as to the basis of the award, and this court is not determining it.

Petitioner, in its petition for review, sets forth ten assignments of error, which are presented under four general propositions. Petitioner's first contention is that the Commission erred in making any award for the reason that claimant failed to submit to medical examination, under section 7293, C. O. S. 1921 (section 13359, O. S. 1931). Said section provides, in substance, that any injured employee claiming compensation shall, if requested by the Industrial Commission, submit himself for medical examination. It further provides that if such claimant refuses, his right to prosecute his claim shall be suspended, and no compensation shall be payable for the period of such refusal.

We regard this section as having application only in cases where the Commission directs the claimant to submit to the examination. Such was not done in this case. The record shows that claimant had been examined by approximately 15 physicians, many of them designated by petitioner, and refused to co-operate with none, except Dr. Boland, to whom claimant was not directed by the Commission, but was sent by petitioner. The record also shows that claimant submitted to an examination by Dr. Boland, but that because of the painfulness of the examination, same had to be terminated before its completion. The contention cannot be sustained.

Petitioner's second proposition is that there was no competent evidence upon which the Commission could reopen the cause and award further compensation. The requirements are that claimant's condition had grown worse as a result of the original injury and subsequent to the last order allowing compensation. The record shows that claimant testified numerous times that he was more nervous, more feeble, had spasms or fits more often, and that his mental condition had grown worse since the first hearing on his case. Dr. Smith testified that claimant was more nervous than at the time he examined him for the previous hearing. Dr. Moore testified that according to the history of the case claimant was getting worse. J. W. Bud testified that he had roomed at the

same place with claimant since April, 1931; that he had seen claimant have a number of fits, and that his condition was worse than when he first knew him, in April. Dr. Moore testified that, in view of the history of the case, it was his opinion that the injury was the cause of the disability. Dr. Shaw stated that, according to the history, it was his opinion that the injury received August 25, 1930, was the cause of claimant's present disability. The record also contains medical testimony that trauma to the spine is one of the causes of epilepsy. We think the record reflects sufficient competent evidence reasonably tending to support the finding of a change in claimant's condition for the worse since the last award of compensation, attributable to the original injury, and, under the well settled rule of this court in such cases, will not disturb the same upon review.

The third proposition of petitioner is that the evidence clearly shows the claimant to be a malingerer and not entitled to compensation. The evidence on this point before the Commission was conflicting, and any finding of fact made thereon by the commission will not be disturbed upon review if said finding is reasonably supported by sufficient competent evidence. The 230-page record is replete with testimony that claimant sustained the injury and suffers the disability complained of, and we cannot sustain petitioner on this contention.

Petitioner's fourth and final proposition is that the Industrial Commission was without jurisdiction to make an award based upon an injury caused by being struck in the back by a rock, for the reason that no claim was ever filed for such injury within one year thereafter.

The record shows that claimant filed his first "Employee's First Notice of Injury and Claim for Compensation" with the Commission October 17, 1930, within two months following the injury, in which he describes the cause of the accident as "lifting heavy rock out of ditch," and that he filed another such notice with the Commission January 30, 1931, within five months after the injury, stating that a rock rolled down on claimant, injuring his spine. Claimant reiterates the latter cause of the injury in his motion to reopen, filed February 2, 1931. It appears from the record that claimant filed a claim for an injury caused by a falling rock within one year following the injury. Howbeit, whether claimant's back was injured by strain, or falling rock, there is no doubt as to what part of claimant's body was injured, and petitioner's objection is answered fully by this court in Skelly Oil Co. v. Standley, 148 Okla. 77, 297 P. 235; Earl W. Baker & Co. v. Maples, 155 Okla. 105, 8 P. (2d) 46; Gypsy Oil Co. v. Jackson, 158 Okla. 139, 12 P. (2d) 694.

The award is affirmed.

RILEY, C. J., and ANDREWS. McNEILL, OSBORN, BAYLESS, and BUSBY, JJ., concur. SWINDALL and WELCH, JJ., absent.