## OKLAHOMA GAS & ELECTRIC CO. et al. v. KIBLINGER et al.

No. 24101. Dec. 19, 1933.

Thurman, Bowman & Thurman, for petitioners.

John A. Brett, J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

SWINDALL, J. On May 21, 1924, P. F. Kiblinger, while employed by the Oklahoma Gas & Electric Company in construction work on its power plant at Harrah, Okla., sustained an accidental personal injury by falling 47 to 73 feet from the ceiling of the building to a concrete floor below, landing on his feet. He was taken to a hospital, cared for and treated. On September 10, 1924, he filed his claim for compensation before the State Industrial Commission, and after two hearings thereon the Commission made its award May 25, 1925, wherein it found, in part, as follows:

"That said accidental injury consisted of a multiple fracture of the pelvis, a comminuted fracture of the left heel bone, a fracture of the right arm, sprained right knee and an injury to the metatarsal bones of the right feet, resulting in some distortion of the pelvis, an impaction of the lower portion of the left illium into the upper portion, placing the left acetabulum on a higher plane than the right, making the left leg one inch shorter than the right leg, and the oscalesis of the left foot is not in its proper position, and causes considerable pain on use of the left foot and leg; the left foot around the ankle is enlarged and thickened; that of the right foot there is a slight discoloration of the head of the second metatarsal bone of the metatarso-phalangeal articulation upward, and a dislocation of the third metatarsal bone at the metatarso-phalangeal articulation downward; that by reason of the injuries hereinabove described, the claimant herein has suffered 60 per cent. permanent partial loss of the use of the left leg, and 30 per cent. permanent partial loss of the use of the right foot."

Thereafter, June 8, 1925, employer and employee filed two instruments with the Commission, the first of which purported to be an agreement as to the facts and compensation, and the second of which purported to be a final receipt and report. In an order of June 15, 1925, the Commission approved the agreement intended to be effected by the two instruments. On May 31, 1932, claimant, Kiblinger, filed a motion to reopen on the ground of a change in conditions. Hearings were held and on August 27, 1932, the Commission made an award wherein it found that since the former award and agreement claimant had suffered a change in conditions resulting in permanent disability to the left leg of 80 per cent. and to the right foot of 40 per cent. It stated as its opinion that claimant's disability should be measured by adding the disability to the leg and foot and dividing by two, and compensation awarded upon the resultant percentage of permanent total disability. Then proceeded to allow claimant 60 per cent. of 500 weeks at $18 per week, or $5,400 less the sum already paid under the former award of $2,651.28, making a total sum due of $2,748.72.

Employer and insurance carrier have instituted these proceedings in this court to review said award. They raise the following issues: (1) That the two instruments filed June 8, 1925, constituted a final settlement of the case, depriving the Commission of further jurisdiction thereof; (2) that no change in conditions entitling claimant to further compensation is shown; and (3) that the Commission is without authority to correct a former award for compensation where such former award applied an erroneous measure to the disability shown.

We think petitioners' first contention without merit. Only by a proceeding under the proviso to section 7325, C. O. S. 1921, as amended by chapter 61, S. L. 1923 (section 13391, O. S. 1931), can the Commission be divested of continuing jurisdiction. I. T. I. O. v. Ray, 153 Okla. 163, 5 P. (2d) 383. It provides that, "upon petition filed by the employer or insurance carrier and the injured employee, the Commission shall acquire jurisdiction to consider the proposition of whether or not a final settlement may be had, * * *" the Commission is authorized to take testimony relevant to the subject-matter of such petition as the Commission may require, and that, "If the Commission decides it is for the best interest of both parties to said petition that a final award be made, a decision shall be rendered accordingly and the Commission may make an award. * * *" The proceedings in the case at bar are inconsistent with the view that the parties were acting under these provisions. An award had been made granting claimant 150 weeks less compensation already paid of 52 weeks. The agreement provided:

"Terms of agreement as to compensation: $18 per week for 98 weeks beginning 5-26-25, 192—, ending 4-20-27; paid in lump sum as per State Industrial Commission's order, less the 3% allowable deduction on 99 weeks."

The report and receipt showing the total amount paid had typewritten on its face: "This amount covers compensation as per State Industrial Commission's order, less the allowable deduction on 98 weeks," and in printing, "Received * * * Dollars * * * in settlement and satisfaction of all claims for compensation on account of injuries suffered by me by reason of accident. * * *" It thus appears that the application was to obtain settlement in one payment of the balance due under the existing order, that is, a lump sum settlement under section 7299, C. O. S. 1921. Considering these instruments as a "petition", nothing appears therein showing the parties contemplated that following the settlement the Commission would have no further jurisdiction; no facts are alleged to show that it is for the best interest of both parties that a final award be made and no plea asks the Commission to consider that question. The receipt is used to show compliance with the terms of the award and agreement and not to enlarge the agreement. The words of settlement are not used to invoke the action of the Commission to a determination of the need for a final award. A petition seeking a final award is indispensable to the power of the Commission to make an award so as to divest itself of continuing jurisdiction under the proviso to section 7325, C. O. S. 1921, as amended by chapter 61, sec. 13, S. L. 1923, (section 13391, O. S. 1931). We are, therefore of the opinion that the order of June 15, 1925, did not constitute a final award under said section. See Oklahoma Power Co. v. Commission, 156 Okla. 121, 9 P. (2d) 443; Mid-Kansas Oil & Gas Co. v. Commission, 163 Okla. 8, 20 P. (2d) 165.

On the issue of change in conditions the testimony was harmonious but difficult and confusing. The Commission found a change resulting in 20 per cent. additional disability to the left leg and 10 per cent. additional disability to the right foot. We have carefully studied the record and find that claimant's physical condition at the time of the original award was fairly summarized by the finding quoted, supra, with a few exceptions. He had, in addition to the condition set out therein, atrophy of the left leg, reducing its circumference about 1 inch; pain, adjudged to be permanent, from sacroiliac strain; and a fracture of the external condyle of the right tibia. We further find evidence that certain changes have taken place in claimant's condition. There is considerable exostosis of the right knee joint not previously existing. There is exostosis of the right border of the right femur with base on external condyle. There is evidence of anklyosis of the proximal ends of the third and fifth metatarsals. It seems there have been some changes in the left foot and leg. However, from the testimony as a whole we have not found it possible to ascertain with any reasonable degree of certainty what changes have occurred and what additional disability, if any, has resulted from such changes. We have found no evidence to support the Commission's findings. The award is therefore vacated. Williams Bros. v. Commission, 158 Okla. 171, 12 P. (2d) 896.

The confusion has resulted from the fact that certain legal factors were not properly stressed in eliciting the testimony. See Southern Drilling Co. v. Daley, 166 Okla. 33, 25 P. (2d) 1082; Deep Rock Oil Corporation v. Evans, 167 Okla. 66, 28 P. (2d) 7, and the cases cited therein for these principles.

Petitioners' third contention is well taken. The Commission upon finding a change

in conditions undertook to change the measure of compensation so as to allow the claimant compensation to which he was entitled under a proper measure at the time of the former award. Maryland Cas. Co. v. Commission, 139 Okla. 302, 282 P. 293; Briscoe Const. Co. v. Listerman, 163 Okla. 17, 20 P. (2d) 560. Such correction of former awards is unauthorized. Southern Drilling Co. v. Daley, supra; Deep Rock Oil Corporation v. Evans, supra. The Commission may, upon finding a change in conditions, apply the correct measure, but it must allow for only so much of the disability as has resulted from the change in conditions.

For the foregoing reasons, the award is vacated and the Commission directed to proceed not inconsistently with this opinion.

RILEY, C. J., and ANDREWS, McNEILL, OSBORN, BUSBY, and WELCH, JJ., concur. CULLISON, V. C. J., and BAYLESS, J., absent.