## INDEPENDENT OIL & GAS CO. et al. v. CLARK.

No. 25349.   Sept. 17, 1935.

Rehearing Denied Dec. 10, 1935.

Sam A. Neely, D. F. Rainey, and D. F. McMahon, for petitioners.

Cannon B. McMahan and Duncan & De-Parade, for respondent Clark.

PHELPS, J.  The respondent (hereinafter referred to as claimant, which was his status in the State Industrial Commission), and the employer's insurance carrier (petitioner herein) entered into an agreement of facts concerning claimant's disability and submitted it in writing to the State Industrial Com-

mission on a form provided by the insurance carrier, which form was sustantially identical with the Commission's Form 14 ordinarily used for that purpose, except that the provision contained in the Commission's form to the effect that claimant could later reopen the case, on change in condition, was not present. On the form which was submitted to the Commission there was no mention of a final settlement of the case.

On September 18, 1931, after a hearing, the Commission approved the statement of facts contained in said Form 14, and rendered its order thereon awarding the claimant the proper amount of compensation, and no more, prescribed by law for the injury and disability then existing. However, at the conclusion of the paragraph ordering payment of the compensation, the Commission added the following words: "and in full, final and complete settlement for the aforementioned accidental injury."

About a year later the plaintiff filed his motion to reopen the case, alleging a change in condition for the worse. Hearings were had on this motion, at which the insurance carrier interposed the objection that by virtue of the order of September 18, 1931, the case had been finally determined and settled and that the Commission no longer had jurisdiction to entertain the proposition of awarding further compensation based upon a change in condition. The objection was overruled, and the same contention is now made in this action by the insurance carrier and employer to review the award of the Commission, made on December 17, 1932, awarding claimant further compensation on account of said change in condition.

Subject to recent limitations imposed by the Legislature, which are not here urged, the Commission has continuing jurisdiction to modify its former orders or awards, where the claimant's change of condition indicates that such modification should be made. The Commission also has the power to divest itself of further jurisdiction and to make a final, full and complete settlement of any pending cause if the parties so desire. It is manifest, however, that the Commission does not have the power to divest itself of said continuing jurisdiction, except upon the joint petition of the parties. Section 7325, C. O. S. 1921, as amended by chapter 61, section 13 of the Session Laws of 1923, is now section 13391, O. S. 1931, and reads:

"The power and jurisdiction of the Commission over each case shall be continuing and it may, from time to time, make such modifications or changes with respect to former findings or orders relating thereto if, in its opinion, it may be justified, including the right to require physical examinations ·as provided for in section 7293, (13359) and subject to the same penalties for refusal; provided, that upon petition filed by the employer or insurance carrier and the injured employee, the Commission shall acquire jurisdiction to consider the proposition of whether or not a final settlement may be had between the parties presenting such petition. The Commission is authorized and empowered to have a full hearing on the petition, and to take testimony of physicians and others relating to the permanency or probable permanency of the injury, and to take such other testimony relevant to the subject-matter of such petition as the Commission may require. The Commission shall have authority to consider such petition and to dismiss the same without a hearing if in its judgment the same should not be set for hearing; the expenses of such hearing or investigation, including necessary medical examinations, shall be paid by the employer or insurance carrier, and such expenses may be included in the final award. If the Commission decides it is for the best interest of both parties to said petition that a final award be made, a decision shall be rendered accordingly and the Commission may make an award that shall be final as to the rights of all parties to said petition, and thereafter the Commission shall not have jurisdiction over any claim for the same injury or any results arising from same. If the Commission shall decide the case should not be finally settled at the time of the hearing, the petition shall be dismissed without prejudice to either party, and the Commission shall have the same jurisdiction over the matter as if said petition had not been filed. The same rights of appeal shall exist from the decision rendered under such petition as is provided for appeals in other cases before the Commission: provided, there shall be no appeal allowed from an order of the Commission dismissing such petition as provided in this section."

In construing the above section this court has always proceeded on the theory that the Commission does not have the power to divest itself of further jurisdiction to order compensation for change in condition unless the parties have mutually signified their desire for the Commission to do so. It is now well settled that the expression of such joint intention is a condition precedent to the Commission's valid divestment of its future jurisdiction in such cases. All cases cited by the petitioners recognize that fact. There is no conflict between the cases cited

by the petitioners and those cited by the respondent (claimant), therefore it is unnecessary to discuss them.

The same contention as is here made was made in Mid-Kansas O. & G. Co. v. State Industrial Comm., 163 Okla. 8, 20 P. (2d) 165, wherein, inadvertently or otherwise, the phrase "being in full and complete settlement of this cause" was contained in the order approving settlement between the parties. This court said:

"There is no reference to section 7325, C. O. S. 1921, as amended by the Session Laws of 1923, c. 61, sec. 13 (section 13391, O. S. 1931), which provides for settlements on joint petition. Neither is there contained in said award any intimation that the Commisson gave up its continuing jurisdiction over the matter. * * *"

There was an "intimation" in the award in that case, that the Commission attempted to give up its continuing jurisdiction, but the intention of the Commission is not material in the absence of a joint petition, for obviously the Commission has no power to divest itself of future jurisdiction without the presence of that element.

We do not assume that the words "and in full, final and complete settlement for the aforementioned accidental injury" mean anything other than that the Commission thereby expressed an intention to definitely terminate the cause. We hold that that portion of its order is void because of the total absence of the necessary joint petition contemplated by section 13391, and the total absence of the necessary joint desire and intention of the parties to terminate the cause, as gathered from the record and all the circumstances. This conclusion is abundantly supported by Oklahoma Natural Gas Corp. v. Gilchrist, 157 Okla. 190, 11 P. (2d) 932.

We have examined the record upon which the order was based, and the testimony reveals that not only the Commission and the claimant, but also the insurance carrier, expressly stipulated that if the claimant should in the future suffer a change for the worse he could reopen the cause for further compensation. Being examined by his own attorney, who asked him "Q. You realize this is on a Form 14—if you get any worse you can reopen your case?", claimant replied "I do." The following questions to the claimant were asked by the court:

"Q. You realize this settlement is on a Form 14? A. Yes, sir. Q. For $1,012.50— and that after the expiration of that time if your leg gives you any trouble you can come into court and have another hearing? A. That I can have another hearing for that condition? Q. You understand that? A. Yes, sir."

The same attorney who is now representing the insurance carrier was representing the insurance carrier at that time. The following is from his examination of the claimant:

"Q. You want the Commission to pay this in a lump sum? A. I do. Q. The only way you can reopen this case is on a change of condition? A. Yes, sir."

This should be enough. We have little patience with the contention now made by the insurance carrier that the former order was made on a joint petition to the Commission to definitely and for all time end its jurisdiction to award compensation for the identical future contingency which, by the questions of its own attorney, was expressly left open under the terms of the settlement.

The petitioner further contends that, the Commission having entered a final order in the matter, said order will stand as a final and complete adjudication of the rights of the parties and that it cannot be set aside in the manner now attempted; in other words, that since the claimant did not appeal from the former order it became final and that the subsequent motion to reopen was a collateral attack on the finality of the prior award. Assuming, without deciding, that this is a collateral attack, they are permitted where the order or judgment being attacked is void on its face, which means void on the face of the proceedings. Title Guaranty & Surety Co. v. Foster, 84 Okla. 291, 203 P. 231; Pettis v. Johnston, 78 Okla. 277, 190 P. 681; Union Indemnity Co. v. Saling, 166 Okla. 133, 26 P. (2d) 217. In the latter case it was said that the rule that the jurisdiction of the Commission to vacate or modify its judgment or decisions on any ground except a change of condition expires thirty days after the award has no application to decisions or awards which are void upon their face. It is obvious that the same is true as to the contention that the void portion of the order becomes final in the absence of an appeal. That portion of the award which purported to divest the Commission of further jurisdiction being void, it never in law existed. The legal result is that the Commission did not become divested of its jurisdiction and that therefore it had the jurisdiction and the power

to award compensation to the claimant for his changed condition.

It is not contended that the evidence does not support the finding of a change in condition, and it is apparent that the claimant has not been awarded, either in the original order or in the present order, any compensation whatsoever in excess of that to which he is entitled by law. The result accomplishes justice and discourages the use of technical rules to avoid one's own former representations, with which practice we are not at all in sympathy.

The award is affirmed.

McNEILL, C. J., and RILEY, BUSBY, and GIBSON, JJ., concur.