TUCKER v. KING et al.

No. 35051.   May 20, 1952.

*244 P. 2d 840.*

464

Hickman & Hickman, Tulsa, for plaintiff in error.

A. M. Covington, Tulsa, for defendants in error.

O'NEAL, J. This case originated as a workmen's compensation case. It appears that Marvin Henry Southwick filed a claim for compensation before the State Industrial Commission in which he stated that on the 2nd day of July, 1948, while in the employ of L. G. Tucker and Sam King he sustained an injury to his right hand resulting in a permanent disability to the hand. King had for his insurance carrier Massachusetts Bonding & Insurance Company. Tucker filed this answer in that proceeding in which he denied that Southwick was in his employ at the time he sustained his injury, but stated that he was at that time in the employ of Sam King; that King carried workmen's compensation insurance covering Southwick and the particular work in which he was engaged at the time he sustained his injury, and that King and his insurance carrier alone are liable for his injury.

The commission in substance made the following findings: On the 2nd day of July, 1948, claimant, while in the employ of L. G. Tucker, sustained an accidental personal injury consisting of an injury to his right hand. At the time he sustained such injury he was performing a hazardous undertaking and employment for Tucker as an independent contractor for Sam King and that King failed and neglected to require Tucker to secure workmen's compensation insurance for the protection of his employees, and that by reason of such failure and neglect Tucker became primarily liable to claimant for the compensation hereinafter awarded, and Sam King and the Massachusetts Bonding & Insurance Company became secondarily liable for the payment thereof. The commission further found that as a result of the injury to his right hand Southwick was temporarily totally disabled from July 2, 1948, to September 15, 1948, less the five-day waiting period, and awarded him compensation in the sum of $220 temporary total disability, and that in addition thereto he had sustained 75 per cent permanent partial loss of use of the hand and awarded him additional compensation for such injury in the sum of $3,150, or total compensation in the sum of $3,370. The commission ordered that respondent L. G. Tucker, primary obligor, pay the claimant within 20 days after the filing of the order the amount of compensation awarded, and in the event of his failure to do so Sam King and Massachusetts Bonding & Insurance Company, his insurance carrier, secondary obligors, shall pay the same.

The commission in a separate and independent order allowed medical bills and hospital bills to claimant in the sum of $266 and ordered payment thereof to be made in accordance with the terms of the original award.

King and his insurance carrier filed a petition in this court to review the order but thereafter voluntarily dismissed their petition. The petition was dismissed for the reason that it was not filed in time.

Immediately after filing their motion to dismiss they entered into an agreement with Southwick whereby he agreed to compromise his claim for the sum of $2,950, plus medical and hospital bills in the sum of $266. They entered into such agreement in writing and the agreement was thereafter approved by the commission. The commission directed King and his insurance carrier to pay to claimant the sum of $2,950 in settlement of his claim. The parties refer to this settlement as a joint petition settlement. The amount agreed upon was immediately paid by King and his insurance carrier and they obtained a receipt for such payment and filed the same with the State Industrial Commission.

Plaintiffs thereafter brought an action against defendant Tucker to recover the amount so paid. The action is based on the concluding clause of 85 O. S. 1951 §11, which provides that any person secondarily liable for compensation shall have a cause of action against the person primarily liable for the recovery of any payment made on account thereof.

Defendant among other defenses defends on the theory that King, the principal contractor, agreed with him that he would take out compensation insurance to cover Tucker's employees as an independent contractor while working under contract for him and that Tucker need not procure such insurance and that therefore he was not required to take out compensation insurance but King and his insurance carrier were solely liable to pay compensation for the injury sustained by Southwick and that plaintiffs therefore have no cause of action against him. The trial court entered judgment in favor of plaintiffs. Defendant appeals and relies for reversal on the exclusion of evidence offered by him and that the judgment is contrary to law.

Defendant in the present case offered evidence to prove the above alleged agreement, which evidence, upon objection of plaintiffs, was excluded by the court. Defendant also pleaded in his answer that plaintiff King did obtain and carry insurance for Tucker's employees covering the work in which Southwick was engaged at the time he sustained his injury, and further pleaded that by reason thereof King is now estopped under 85 O. S. 1951 §65.2 from asserting that defendant was primarily liable for the injury sustained by Southwick and that they were only secondarily liable. This evidence was also excluded by the court.

Defendant assigns these rulings as error. We think the trial court ruled correctly in excluding this evidence. The district court of Tulsa county was without jurisdiction to determine such questions in the present proceedings. It was within the exclusive jurisdiction of the State Industrial Commission to determine these questions. Defendant raised these same issues in his answer at the hearing before the State Industrial Commission in order to defeat an award. The commission decided these issues against him and held him primarily liable for the payment of compensation there awarded. Defendant is bound by that award.

85 O. S. 1951 §29, in part, provides:

"The award or decision of the Commission shall be final and conclusive upon all questions within its jurisdiction between the parties, unless within twenty (20) days after a copy of such award or decision to the parties affected, an action is commenced in the Supreme Court of the State to review such award or decision. * * *"

Upon the failure of plaintiffs to file their petition for review within 20 days after a copy of the award has been served upon them the award became final. A final order of the State Industrial Commission is just as binding between the parties as a judgment of any court. Special Indemnity Fund v. Lewis, 200 Okla. 471, 196 P. 2d 684. Defendant in the present case is bound by that award and may not relitigate these issues in the present proceeding.

Factor Oil Co. v. Brydia, 184 Okla. 113, 85 P. 2d 311.

It is further contended by defendant that the order on joint-petition settlement superseded the original award; that defendant Tucker was not a party to that settlement and that the order of the commission based thereon and the payment of the amount awarded did not constitute payment of the original award but constituted the settlement of an entirely different and independent award upon which plaintiffs alone are liable and therefore plaintiffs may not maintain this action. There is no substantial merit to this contention.

The record discloses that at the time the settlement was made there was due claimant under the award the sum of $2,176.11, leaving a balance of $1,087.89 due in approximately 53 weeks payable at $21 per week. Defendant in his evidence in the present case admits that he made no attempt or effort to pay the award or any part threeof. Upon his failure to do so the burden shifted to plaintiffs to make payment because of their secondary liability. They therefore had the right to enter into an agreement with claimant, Southwick, to settle his claim, and Southwick under the agreement upon consideration of immediate payment thereof agreed to accept $2,950 plus $266 medical and hospital bills in full satisfaction of his claim. The commission approved this agreement and required and directed plaintiffs to pay that amount to claimant Southwick, within ten days thereafter in full settlement of his claim. The settlement had the effect of compromising and settling the original award. Oklahoma Gas & Electric Co. v. Kiblinger, 167 Okla. 48, 28 P. 2d 9. It was settled for $420 less than the amount due. Defendant was benefited rather than injured by the settlement and may not therefore complain.

Judgment affirmed.

ARNOLD, C. J., HALLEY, V. C. J., and CORN, DAVISON, JOHNSON, and BINGAMAN, JJ., concur.