**MACKLANBURG–DUNCAN COMPANY and Aetna Casualty and Surety Company, Petitioners,**

v.

**Virginia WIMMER and the State Industrial Commission, Respondents.**

No. 36509.

Supreme Court of Oklahoma.

Feb. 8, 1955.

Rehearing Denied March 8, 1955.

Looney, Watts, Ross, Looney & Nichols, Oklahoma City, for petitioners.

Paul Pugh, Francis G. Morgan, Oklahoma City, Edward H. Ferrish, Midwest City, and William M. Hobbs, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

On September 22, 1953, Virginia Wimmer, respondent herein, filed her claim for compensation against Macklanburg-Duncan Company and its insurance carrier, Aetna Casualty and Surety Company, referred to as petitioners herein, in which she stated that on July 20, 1953, while in the employ of petitioner, Macklanburg-Duncan Company, she sustained an accidental injury consisting of an injured disc. The injury was caused by a strain while engaged in lifting a keg of iron hinges.

The trial commissioner, at the close of the evidence, found: On the 20th day of July, 1953, respondent while in the employ of petitioner, Macklanburg-Duncan Company, sustained an accidental injury arising out of and in the course of her employment causing an injury to her back; that the injury was sustained while she was engaged in lifting a keg of iron hinges, and, as a result thereof she was totally temporarily disabled from the date of the accident except for the period from August 11, 1953, to September 14, 1953, and for which she was entitled to compensation at the rate of $28 per week from July 26, 1953, not to exceed 300 weeks, and for such medical treatment as may be necessary, until further order of the Commission. An award was entered accordingly. The commissioner further found that respondent did not give written notice of her accident to the employer within 30 days from the date of the accident as required by law. The first information she gave concerning her injury was on September 17, 1953, when she notified the general superintendent, orally. The Commissioner further found, however, from the date of the accident to date, respondent had been under the care of medical doctors, including, since September, 1953, a specialist in orthopedic surgery, so that her present condition is not attributable to lack of medical attention; and concluded that, under the facts found, respondents were not prejudiced by respondent's failure to give notice, and therefore that such failure should be excused.

The findings and award were sustained by the Commission en banc under order made January 26, 1954, but not entered of record until February 6, 1954.

Thereafter, petitioners filed a motion for new trial on the ground of newly discovered evidence. The record does not disclose that this motion was ever ruled on. However, during a subsequent hearing counsel agreed that the motion was overruled by a trial commissioner. Later, petitioners requested that the award above mentioned be held in abeyance until the 10th day of March, 1954, by a motion and affidavit in which it was asserted that, during the time this case was pending on appeal to the Commission en banc, the petitioner and insurance carrier were informed by a doctor on December 19, 1953, that respondent was pregnant and unable to accept medical attention for the treatment and cure of her back condition and that this pregnancy occurred after the accident complained of while she was working for petitioner; that if the award of the Industrial Commission were allowed to become final, petitioners would be responsible for the payment of temporary total compensation when in fact respondent is unable to accept medical treatment, which condition will persist for a period of at least nine months during her pregnancy. It was also alleged that since the award, petitioners have discovered new evidence in the case which was not available to them at the time of the first hearing, and the nature of such evidence was set forth. At the bottom of the motion appears the following notation:

"Motion to hold in abeyance until March 10, 1954, granted, this 26th day of February, 1954.
"/s/ Marx Childers
"/s/ J. W. Hinton."

■ It does not appear upon what date this motion was filed. However, from recitals contained in the record and the statement of counsel in the brief it would appear that the motion was filed February 26, 1954, and granted the same day, without an opportunity by respondent to be heard. Under the circumstances, it would appear that said order was void under Pioneer Mills Co. v. Webster, 186 Okl. 616, 99 P.2d 507, and nothing is herein shown to the contrary.

Ignoring said purported order, respondent on March 4, 1954, filed a motion for an order of execution against petitioners in which she recited the Commission's award, and alleged it was then in full force and effect and that there was due under it, the sum of $756; that no appeal had been taken from the award and it was then final; and prayed that the Commission order that a certified copy thereof be filed in the office of the court clerk of Oklahoma County, Oklahoma.

Petitioners filed a response to this motion in which they referred to the order of February 26, 1954, holding in abeyance until March 10, 1954, the previous order and award of the Commission, and alleged that such order was then in full force and effect and prayed that respondent's motion be denied.

On the hearing of the motion and response thereto it was stipulated that, subsequent to the time respondent sustained her accident, she became pregnant; that on December 20, 1953, petitioners tendered her treatment and an operation, if necessary, and that respondent, upon advice of her physician, refused to accept the treatment during her period of pregnancy. It was further stipulated that the various motions and pleadings filed by petitioners should be treated as a motion to discontinue or suspend payments of compensation during the period of respondent's pregnancy and in the nature of a motion to discontinue or suspend payments on the ground of change of condition.

The record further discloses that at that hearing petitioners agreed to and did pay respondent temporary total compensation awarded up to and including December 20, 1953 (the date they tendered her medical treatment) and agreed to resume payments when she became able to take the treatments, and to continue payments thereafter as long as she remained totally temporarily disabled as the result of her injury, not to exceed 300 weeks. The trial commissioner, acting upon the parties' stipulation, treated such motions and pleadings as a motion to suspend payments during the period of pregnancy, and denied it, ordering petitioners to continue the payments as provided in the original order or award. This order was sustained on appeal to the Commission en banc.

Petitioners herein seek a review of the award and this order, relying upon the following propositions:

"The evidence is insufficient to sustain the trial commission finding that claimant sustained an accidental injury.

"That lack of notice to respondent was so gross as to greatly prejudice respondent and claimant's claim should be denied.

"That from December 20, 1953, when claimant was unable to take medical treatment due to her pregnancy until such time as she is able to do so, respondent does not owe claimant temporary total disability."

■ The first two propositions relate to the sufficiency of the evidence to sustain the findings and order of the Commission awarding respondent temporary total compensation. As above pointed out, the award was made on the 26th day of January, 1954, and entered of record the 6th day of February, 1954. The petition for a review of the award was filed in this court on June 2, 1954. Respondent contends that the petition for review was not filed in the time provided by 85 O.S.1951 § 29, and that this court is therefore without jurisdiction to entertain the appeal therefrom.

The record discloses that the notice of appeal petitioners served (as required by the rules of this court) on respondent notified her they were filing an original action in this court on June 2, 1954, by which they sought review and vacation of "an order of the State Industrial Commission

made on the 21st day of May, 1954, against petitioners in favor of respondent Virginia Wimmer." The only order to which the notice could have reasonably referred is the Commission's order dated May 20, 1954, affirming the trial Commissioner's denial of petitioners' motion to suspend compensation payments during respondent's pregnancy. The notice in no manner refers to the order awarding temporary total compensation to respondent made January 26, 1954, and entered February 6, 1954. Petitioners apparently proceed upon the theory that the order entered on the 26th day of February, 1954, holding in abeyance the order awarding respondent temporary total compensation until the 10th day of March, 1954, extended the time in which to file the petition to review that award. Assuming (contrary to our statement, supra) that the order is valid, and that it could have accomplished such an extension, since the appeal from the award was not filed in this court until the 2nd day of June, 1954, it was not filed within the time provided by the statute, supra. We, therefore, sustain the respondent's contention that this court is without jurisdiction to review that award.

■▬▬ With reference to the Commission's denial of their application to suspend payments to respondent during the period of her pregnancy, petitioners contend she was not due compensation for that portion of said period during which she was unable to take medical treatment. In support of this contention they rely on 85 O.S.1951 § 25, which provides:

"An employee injured claiming or entitled to compensation under this act, shall, if requested by the Commission, submit himself for medical examination at a time and from time to time, at place reasonably convenient for the employee, and as may be provided by the rules of the Commission. If the employee or the insurance carrier request he shall be entitled to have a physician or physicians of his own selection to be paid by him present to participate in such examination. If an employee refuses to submit himself to examination, his right to prosecute any proceeding under this act shall be sus-

pended, and no compensation shall be payable for the period of such refusal."

The above section was construed in Williams Brothers, Inc., v. State Industrial Commission, 163 Okl. 155, 21 P.2d 487, 488. There, after referring to said statute as section 13359, O.S.1931, we said:

"We regard this section as having application only in cases where the commission directs the claimant to submit to the examination. Such was not done in this case. The record shows that claimant had been examined by approximately 15 physicians, many of them designated by petitioner, and refused to co-operate with none, except Dr. Bolend, to whom claimant was not directed by the commission, but was sent by petitioner. The record also shows that claimant submitted to an examination by Dr. Bolend, but that, because of the painfulness of the examination, same had to be terminated before its completion. The contention cannot be sustained."

The evidence shows that respondent has been examined and treated by several different physicians since she sustained her injury to the present time. There is no evidence that the Commission at any time directed her to submit to further treatment or that her refusal to accept the treatment offered by petitioners was arbitrary and unreasonable. On the contrary, it was shown that she refused to accept such treatment upon the advice of one of the physicians who had been treating her ever since she sustained the injury. We have heretofore held that an employee under the Workmen's Compensation Law may not be denied compensation because of refusal to accept medical treatment tendered by his employer, unless it be shown that such refusal was arbitrary and unreasonable. Consolidated Lead & Zinc Co. v. State Industrial Commission, 147 Okl. 83, 295 P. 210, 73 A.L.R. 1298; Chicago Bridge and Iron Works v. Sabin, 105 Okl. 62, 231 P. 851. The medical evidence adduced at the trial established that respondent was then temporarily totally disabled, and that the period of such disability could not then be determined.

While our Workmen's Compensation Law does not authorize compensation for disability due to pregnancy, it does authorize compensation for temporary total disability due to the accidental injury the Commission found respondent received with payments continuing during her period of total disability, not to exceed 300 weeks. In view of the foregoing, we conclude that petitioners are not entitled to an order suspending payments during respondent's period of pregnancy and that the Commission ruled correctly in denying their application therefor. That order is therefore sustained.

Since petitioners' petition for review of the award for temporary total disability entered by the Commission on the 6th day of February, 1954, was not filed in time, said petition is dismissed.