**Arthur KELLEY, Petitioner,**

v.

**Dan BRYAN, Respondent.**

No. 39157.

Supreme Court of Oklahoma.

March 28, 1961.

Rehearing Denied May 23, 1961.

Forrester Brewster, Muskogee, for petitioner.

Norman & Wheeler, Muskogee, for respondent.

JACKSON, Justice.

On September 21, 1959, a trial judge of the Industrial Court entered an award in favor of Dan Bryan, hereinafter called claimant, against Arthur Kelley, hereinafter called respondent. A true copy of the award or order was mailed to the parties on September 21, 1959.

On September 24, 1959, and within the statutory ten days allowed to file an appeal with the Industrial Court en banc the respondent, Arthur Kelley, mailed his notice of appeal, with certificate of service, to the State Industrial Court. On March 2, 1960, and in response to an inquiry by respondent, the secretary of the State Industrial Court advised the respondent by letter that the State Industrial Court had never received the notice of appeal but that it was, on March 2, 1960, filing respondent's letter of certification that the appeal was mailed to that court on September 24, 1959. Thereafter, and on April 21, 1960, the appeal was heard by the Industrial Court en banc and the award theretofore made in favor of claimant by the trial judge was affirmed and adopted as the order of the court en banc. From this order approving the award respondent has filed this original action in this court for review.

■ Claimant contends that the award made by the individual judge of the Industrial Court became final since there was no appeal made to the Industrial Court within ten days as required by 85 O.S.1951 § 77, and no appeal to the Supreme Court within twenty days under the provisions of 85 O.S.Supp.1955, § 29. Claimant invites attention to Mills v. W. E. Logan & Sons, Okl., 281 P.2d 175; Sinclair Refining Company v. Duncan, Okl., 297 P.2d 563; Tucker v. King, 206 Okl. 463, 244 P.2d 840; Williams v. Central Dairy Products Co., 205 Okl. 266, 236 P.2d 984; Gibbins v. Indian Electric Co-Operative, 203 Okl. 187, 219

P.2d 634; Macklanburg-Duncan Co. v. Wimmer, Okl., 280 P.2d 1001, and Whittington v. Tidal Oil Company, Okl., 279 P.2d 926.

It seems to be the position of the respondent, Arthur Kelley, that the mailing of notice of appeal to the Industrial Court on September 24, 1959, and within ten days from the order of the individual trial judge, is sufficient to perfect the appeal to the Industrial Court en banc even though such notice of appeal was not received by the Industrial Court. No authority is cited in support of this conclusion, and we have found none. We do notice that 85 O.S. 1951 § 77(9), provides in part, as follows:

"* * * Either party feeling himself aggrieved by such order, decision or award shall, within ten (10) days have the right to take an appeal from the order, decision or award of the trial Commissioner to the entire Commission. Such appeal shall be allowed as a matter of right to either party upon *filing* with the Secretary of the Commission notice of such appeal. * * *." (emphasis supplied)

In Home Savings & Loan Ass'n v. Rounds-Porter Lbr. Co. et al., 80 Okl. 201, 195 P. 479, in considering an appeal from the District Court of Tulsa County, to the Supreme Court we held in the third paragraph of the syllabus as follows:

"Enclosing a petition in error in an envelope addressed to the clerk of this court, with postage prepaid, and depositing the same in the United States mail within time to reach the office of the clerk of this court, is not a compliance with the statute."

■ We conclude that a notice of appeal addressed to the Industrial Court and deposited in the United States mail within time to reach the Secretary of the Industrial Court within ten days is not a compliance with the statute, 85 O.S.1951 § 77, Subdivision 9, supra, and does not confer appellate jurisdiction upon the Industrial Court en banc absent satisfactory proof that the notice of appeal was delivered to.

or received by, the Industrial Court within the ten day period allowed by the statute.

■ Respondent, Arthur Kelley, further points out that the respondent and claimant both submitted the cause to the Industrial Court en banc for decision and seems to infer that the jurisdictional question was waived by claimant when claimant participated in the argument before the Industrial Court en banc without raising the jurisdictional question. We know of no decisions holding that the appellate jurisdiction of the State Industrial Court may be conferred by agreement or consent of the parties.

■ Since the purported appeal to the Industrial Court en banc was ineffective under the provisions of 85 O.S.1951 § 77, supra, and no appeal was filed in this court within twenty days after September 21, 1959, under the provisions of 85 O.S.Supp. 1955, § 29, supra, it follows that the action must be, and accordingly is, dismissed for lack of jurisdiction.