2001 OK CIV APP 110

**Esther THOMAS, Petitioner,**

v.

**BURGGRAF RESTORATION, State Insurance Fund and The Workers' Compensation Court, Respondents.**

**No. 95541.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Aug. 7, 2001.

©~948

James E. Lowell, Tulsa, OK, for Petitioner.

Candace Johnson, Tulsa, OK, for Respondents.

RAPP, Judge:

¶1 Claimant, Esther Thomas, appeals an order of a three-judge panel partially vacating the trial court's order and sustaining the motion to terminate temporary total disability benefits of Employer, Burggraff Restoration, Inc.

## BACKGROUND

¶2 It is undisputed that Claimant sustained a work-related injury to her right leg (knee) and left leg (knee) on April 1, 1998, while employed by Employer. Employer commenced payment of temporary total disability on approximately June 8, 1998. The trial court appointed an independent medical examiner, Dr. James Griffin, on September 22, 1998, to determine whether Claimant was temporarily totally disabled and needed additional medical treatment, and to make recommendations regarding treatment.

¶3 Dr. Griffin opined in his November 3, 1998, medical report that Claimant was temporarily totally disabled and in need of additional medical treatment. He also noted that she had a mass on her right thigh but was uncertain as to its origin. Dr. Griffin began treating Claimant and determined she was in need of arthroscopic surgery. During the preoperative tests, the hematologist determined Claimant had thrombocytopenia or a low platelet count. Dr. Griffin postponed the scheduled knee surgery on August 26, 1999, because of this medical condition and stated in his August 26, 1999, notes that once the hematologist "feels it is safe to go ahead with surgery, we will plan on going ahead with arthroscopy at that point."

¶4 Claimant had at least four office visits with Dr. Griffin after the August 26, 1999, examination.

¶5 Employer filed its Form 11, Motion to Terminate Temporary Compensation, as required by Rule 15(C)(1), of the Workers' Compensation Court Rules, 85 O.S. Supp. 2000, ch. 4, app., on August 28, 2000, stating

Claimant was receiving treatment for an unrelated condition and requesting overpayment of temporary total disability from August 26, 1999. Employer also denied it was responsible for benefits attributable to Claimant's thrombocytopenia.

¶ 6 After a hearing on June 27, 2000, the trial court determined Claimant was still temporarily totally disabled and sustained Claimant's objection to Employer's motion to terminate temporary total disability benefits. The trial court reserved the issue of permanent disability, if any, for a future hearing. The trial court also ordered Employer to provide Claimant with the necessary medical care and treatment to her right leg (knee) and left leg (knee), including surgery. The trial court also held that Employer was not responsible for the medical expenses associated with Claimant's thrombocytopenia or the cyst on her right thigh.[1]

¶ 7 Employer appealed to a three-judge panel, asserting an intervening injury and treatment for an unrelated condition. The three-judge panel found that the part of the trial court's order continuing temporary total disability was contrary to law and against the clear weight of the evidence. The three-judge panel modified the trial court's order; it sustained Employer's motion to terminate temporary total disability benefits because "claimant was not able to receive medical treatment to improve her physical condition beginning AUGUST 26, 1999 due to an idiopathic condition unrelated to the injury of APRIL 1, 1998." The three-judge panel ordered Employer to "reinstate temporary total disability on the date the claimant presents herself for active medical treatment (surgical intervention) as recommended by DR. JAMES GRIFFIN." The three-judge panel ordered Employer to provide Claimant with the necessary medical care and treatment for her right leg (knee) and left leg (knee) and specifically found that Employer was not responsible for the medical expenses associated with Claimant's platelet problem or the cyst on her right thigh. Claimant appeals.

1. Claimant did not appeal this finding.

STANDARD OF REVIEW

¶ 8 The material facts presented here are not in dispute and therefore this case presents a question of law. *Rhea v. Southwest Cupid,* 1998 OK CIV APP 97, ¶ 9, 969 P.2d 1000, 1002. The appellate court's role is to define the law; therefore, "it independently reviews questions of law." *Id.*

ANALYSIS

[2] ¶ 9 The issue presented is whether a medical condition not caused by a claimant that postpones a claimant's ability to receive medical treatment for the work-related injury precludes a claimant from receiving previously awarded temporary total disability benefits. This Court answers in the negative.

¶ 10 Claimant argues she is unable to work and therefore temporarily totally disabled because of her work-related injury, and not because a subsequently discovered medical condition prevented her from having surgery. Thus, Claimant contends the three-judge panel erred in terminating her temporary total disability. Employer argues that Claimant is no longer entitled to temporary total disability benefits because her intervening medical condition, thrombocytopenia (low platelet level), is preventing her from obtaining the medical treatment needed to reach maximum medical improvement. Employer does not assert that Claimant caused the condition preventing treatment.

¶ 11 Although the Oklahoma Supreme Court has not directly addressed this issue, it has refused to terminate temporary total disability benefits when a claimant's pregnancy prevented her from having or continuing her medical treatment. In *Macklanburg–Duncan Co. v. Wimmer,* 1955 OK 24, 280 P.2d 1001, the trial court determined the claimant sustained a work-related injury and was in need of medical treatment, and awarded temporary total disability. The claimant subsequently became pregnant, and upon her physician's advice refused to accept medical treatment. The employer filed a motion to suspend temporary total disability during her pregnancy. The Oklahoma Supreme Court in *Wimmer* held the employer was not enti-

tled to suspend the benefits during the claimant's pregnancy. The Court stated that "an employee . . . may not be denied compensation because of refusal· to accept medical treatment tendered by his employer, unless it be shown that such refusal was arbitrary and unreasonable." *Id.* at ¶ 15, 280 P.2d at 1004.[2]

¶ 12 Here, Employer does not argue that Claimant's refusal of medical treatment was arbitrary or unreasonable. The record reflects Claimant refused surgery at the independent medical examiner's directive, the same doctor that recommended surgery, because of the potential danger in having the surgery with a low platelet count. Also, Employer's expert testified that Claimant needed surgery.

■ ¶ 13 Temporary total disability benefits are awarded during the worker's "healing period, or that period of time following an accidental injury when an employee is totally incapacitated for work due to illness resulting from injury." *Bodine v. L.A. King Corp.,* 1994 OK 22, ¶ 9, 869 P.2d 320, 322. Here, it is undisputed that it was Claimant's work-related injury, not the platelet count condition, that rendered her disabled and unable to engage in work. It is also undisputed she was unable to work until the doctor performed corrective surgery. Her thrombocytopenia, which the record does not reflect was preexisting or subsequent to her work-related injury, required Claimant to postpone the surgery upon medical refusal to do the operation. Claimant's undisputed testimony also showed that Dr. Griffin continued to examine the knee subsequent to refusing to perform surgery.

¶ 14 The undisputed evidence before this Court shows that Claimant is in need of surgery due to the work-related injury and that she is and will be temporarily totally disabled until she has this surgery. Employer has failed to present any evidence that Claimant is not temporarily totally disabled.

It is also important to note that the three-judge panel did not have any evidence before it that Claimant's refusal to accept the offered medical treatment was arbitrary or unreasonable. In fact, all the evidence was to the contrary.

■ ¶ 15 This Court finds that Claimant's medical condition, discovered while attempting to submit to Employer's offered medical treatment, does not relieve Employer from its statutory responsibility for paying the temporary total disability benefits that the work-related injury caused. Her work-related injury caused her to need the surgery and to be temporarily totally disabled, not the subsequently discovered medical condition. Employer ·did not adduce any evidence that Claimant arbitrarily or unreasonably refused the offered treatment, but rather the evidence shows she was acting upon advice of the court-appointed independent medical examiner.

¶ 16 This Court reverses the three-judge panel's Order to the extent it sustains Employer's motion to terminate temporary total disability and remands to the three-judge panel with instructions to reinstate the trial court's order granting temporary total disability. The remainder of the three-judge panel's order affirming the trial court's order is sustained.

¶ 17 SUSTAINED IN PART, REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.

¶ 18 STUBBLEFIELD, P.J., and TAYLOR, J., concur.

---

2. See also *Jennings v. Express Temporary Serv.,* 2000 OK CIV APP 39, ¶ 17, 999 P.2d 1115, 1119, where the evidence did not warrant a finding that the claimant's continuing temporary total disability resulted from an unreasonable refusal to submit to a simple plan of treatment. Thus, the Court of Civil Appeals found it was error to terminate the temporary total disability· during the employee's pregnancy and remanded to the three-judge panel for an award of the full amount of her permanent partial disability and the temporary total disability.