## TIPPIN, Gd'n, v. STATE INDUSTRIAL COMMISSION et al.

No. 19570.   Opinion Filed Dec. 18, 1928.

Ruth & Morris, for claimant.

Edwin Dabney, Atty. Gen., Ralph G. Thompson, Asst. Atty. Gen., and Clayton B. Pierce, for respondents.

MASON, V. C. J.   This is an original action in this court to review an order of the Industrial Commission refusing to vacate a final award on joint petition.

The relator, George Barnes, while an employee of the Twin State Oil Company, was injured on May 25, 1926. A motion to determine the extent of disability was filed with the Industrial Commission by the employer, and thereafter, on March 28, 1927, the parties filed with the Commission a joint petition for final settlement, whereby the

Company agreed to pay, and the claimant Barnes, agreed to accept, the sum of $1,000 in full and final settlement, which was signed as follows:

"Witness: George Barnes 'X'
"Dorcas Barnes, Twin State Oil Company,
"By Clayton B. Pierce."

A hearing was had by the Commission on said date, and after having two physicians examine the claimant and considering their reports in connection with other evidence, a final award was entered, finding that it was to the best interest of all parties to make a final award as contemplated by section 7325, C. O. S. 1921, as amended by chapter 61, sec. 13, Session Laws 1923. The respondents complied with this award.

Thereafter, a motion was filed to set aside said award on the grounds of fraud, and incompetency of Barnes at the time the joint petition was filed. The Commission, over the objection of the respondent and insurance carrier that the Commission was without jurisdiction, held several hearings, at which considerable evidence was introduced by both parties as to the competency of Barnes and as to the validity of his signature on the joint petition, after which the Commission. on July 26, 1928, entered its final order denying the motion of the claimant to vacate said former award. The Commission found that the claimant was competent and capable at said time of making agreements and transacting ordinary business affairs; and further found that the mark of the claimant on the joint petition was properly witnessed and was sufficient to constitute his signature. This is the award involved in this review.

Petitioner concedes that the Industrial Commission is without jurisdiction to set aside an award made upon a joint petition of employer and employee under the provisions of section 7325, supra, and chapter 61, Session Laws 1923. and that it is without jurisdiction to make any further award where it appears that a hearing, as provided for in said section, was had on said petition and a final award made and no appeal taken therefrom.

It is contended. however, that if the employee is mentally incompetent to sign a joint petition, this mental incompetency nullifies such action, although the person has never been adjudged an incompetent. Many authorities are cited and considerable evidence is quoted in the brief of petitioner. We find no fault with such law, but was the claimant mentally competent to enter into said joint petition? This was a question of fact to be determined by the Commission. It having decided that he was mentally competent, and there being testimony in the record to support such finding, this court is not authorized to weigh the evidence upon which said finding is based, but is bound thereby.

It is next contended that said joint petition was a nullity for the further reason that the signature of the claimant, George Barnes, to the joint petition does not comply with the statutes relative to signatures by mark. The pertinent part of section 7325, supra, as amended by section 13, chapter 61, Session Laws 1923, is as follows:

"That upon petition filed by the employer or insurance carrier, and the injured employee, the Commission shall acquire jurisdiction to consider the proposition of whether or not a final settlement may be had between the parties presenting such petition."

There is no requirement that said joint petition be signed by the parties. It is not the joint petition, but the final award, the making of which is optional with the Commission, that becomes binding upon the parties. The record shows that the joint petition herein was presented to the Commission and a hearing had, at which George Barnes, Dorcas Barnes, his wife, and others testified, and that reports made by physicians who had examined Mr. Barnes were also considered by the Commission. Under these circumstances, Barnes will not be heard to question his signature which appears on said joint petition.

The Commission found that it was to the interest of all parties to make said final award, and in the absence of fraud. in support of which allegation no evidence was offered, or incompetency of the claimant, the Commission was without jurisdiction to set aside said award made upon said joint petition

We must conclude that the action of the Industrial Commission. in denying claimant's motion to vacate said award, was proper, and the relator's petition herein to vacate said final order is denied.

BRANSON, C. J., and HARRISON, PHELPS, HUNT, RILEY, and HEFNER, JJ.. concur