**MABEE et al. v. CROWDER et al.**

No. 21588.    Opinion Filed April 7, 1931.

Rehearing Denied May 5, 1931.

Cheek & McRill, for plaintiffs in error.

Leo J. Williams and M. J. Parmenter, for defendant in error B. F. Crowder.

J. Berry King, Atty. Gen., for State Industrial Commission.

HEFNER, J.   This is an original proceeding brought by John Mabee and the New Amsterdam Casualty Company, petitioners, to review an award of the Industrial Commission wherein B. F. Crowder, the claimant, was awarded compensation in addition to a former award by the Commission. On October 26, 1925, the claimant was injured while in the employment of the respondent, John Mabee, in which a small piece of steel got into his left eye.

After the notice of injury had been filed the claimant filed his motion to determine the extent of disability, and on January 28, 1926, the Commission had a hearing thereon, wherein the evidence disclosed that the injury had resulted in the loss of 25 per cent. of the vision of claimant's left eye. Before an award had been entered by the Commission on the basis of 25 per cent. loss of the eye, and on February 2, 1926, an agreed final settlement was made between the claimant and the respondents. The joint petition of settlement between the parties was on the form used by the Commission, entitled as follows: "Agreement between employer and employee as to the facts with relation to injury and payment of compensation therefor." Under the head of terms of agreement as to compensation, the following paragraph appears:

"Payment of $862 in full settlement. It is understood that this a full and complete settlement between the parties hereto, pursuant to section 7325, C. O. S. 1921, and that after confirmation and approval by the Commission this agreement shall be final and conclusive between the parties."

The instrument was signed as follows: "John Mabee, Employer; New Amsterdam Casualty, Its Insurance Carrier, Cheek & McRill, Adjuster, B. F. Crowder, Employee."

On February 17, 1926, the Commission entered its order approving the settlement. It is as follows:

"Now, on this 17th day of February, 1926, the State Industrial Commission being regularly in session, this cause comes on to be considered in its regular order pursuant to a hearing had at Oklahoma City, Okla., before Edgar Fenton, Commissioner, on January 28, 1926, at which hearing the claimant appeared in person, respondent and insurance carrier being represented by Albert McRill; and the Commission having considered the testimony taken at said hearing, the agreement entered into by and between the parties hereto by the terms of which the claimant is to receive the aggregate amount of $862 for an injury sustained on October 24, 1925, having reviewed all the records on file herein and being well advised in the premises, and it appearing that said agreement is just and reasonable and in conformity with the law and should be approved.

"And it further appearing: That said aggregate amount of $862 has been fully paid:

"It is ordered: That said agreement and the payment of said aggregate amount of $862 be and they are hereby approved in full and final settlement of this cause."

The claimant admits he received $862 and signed a receipt therefor.

About two years later the claimant filed a motion to reopen the case, to which the petitioners responded and pleaded that a final settlement had been made upon a joint petition and that the Commission had no jurisdiction to reopen the case. The Commission assumed jurisdiction and overruled the pleas of final settlement. On the 9th day of July, 1930, the respondents were ordered to pay to the claimant compensation for 230 weeks at the rate of $18 per week for permanent partial disability in the partial loss of vision to the sight of claimant's eyes and to continue the payment of compensation thereafter at the rate of $18 per week until the period of 300 weeks had expired.

This is the award that the petitioners have brought here for review and they urge that the case was settled by agreement between the parties upon joint petition approved by the Commission and that thereafter the Commission had no jurisdiction to make any further awards. The claimant contends that the case was not in fact settled upon joint petition. On account of these two conflicting claims we have given rather a complete history of the case, as disclosed by the record. If the contract for settlement and the order of the Commission thereon was in fact a final settlement, then the Commission had no further jurisdiction in the matter and could enter no subsequent orders therein, and all subsequent proceedings were void. The claimant testified that he made the settlement and received the money, but that he did not understand he was making a complete and final settlement.

Under the law the 25 per cent. loss of vision would have entitled the claimant to an award of 25 weeks at $18 per week, or a total of $450. The agreed settlement was based upon a consideration of $862. The claimant signed the agreement of settlement and in the agreement it is expressly stated that, "It is understood that this is a full and complete settlement between the parties * * * and that after confirmation and approval by the Commission this agreement shall be final and conclusive between the parties." The claimant says he signed the agreement.

On the 17th day of February, 1926, the Commission entered its order of approval and recited that at a hearing on January 28, 1926, the claimant appeared in person, and the Commission having considered the testimony taken at the hearing, the agreement entered into by the parties by the terms of which the claimant was to receive the aggregate sum of $862, and having reviewed all of the records on file in the case, concluded its order in these words, "that said agreement and payment of said aggregate amount of $862 be and they are hereby approved in full and final settlement of this cause."

Section 7325, C. O. S. 1921, as amended by chapter 61, Session Laws of 1923, in part provides:

"Provided, that upon petition filed by the employer or insurance carrier, and the injured employee, the Commission shall acquire jurisdiction to consider the proposition of whether or not a final settlement may be had between the parties presenting such petition. The Commission is authorized and empowered to have a full hearing on the petition, and to take testimony of physicians and others relating to the permanency or probable permanence of the injury, and to take such other testimony relevant to the subject-matter of such petition as the Commission may require. The Commission shall have authority to consider such petition and to dismiss the same without a hearing if in its judgment the same should not be set for hearing; the expense of such hearings or investigation, including necessary medical examinations, shall be paid by the employer or insurance carrier, and such expense may be included in the final award. If the Commission decides it is for the best interests of both parties to said petition that a final award be made, a decision shall be rendered accordingly, and the Commission may make an award that shall be final as to the rights of all parties to said petition and thereafter the Commission shall not have jurisdiction over any claims for the injury or any results arising from same."

In construing this statute this court, in the case of Tippin v. Industrial Commission, 134 Okla. 179, 272 Pac. 848, said:

"The Industrial Commission of the state of Oklahoma is without jurisdiction to set aside an award made upon joint petition of employer and employee under the provisions of section 7325, C. O. S. 1921, as amended by chapter 61, Session Laws 1923, or to make any further award, where it appears that a hearing as provided in said section was had on said petition and the final award made and no appeal taken therefrom."

In the body of the opinion, the court said:

"There is no requirement that said joint petition be signed by the parties. It is not the joint petition, but the final award, the making of which is optional with the Commission, that becomes binding upon the parties. The record shows that a joint petition herein was presented to the Commission and a hearing had. * * * Under these circumstances, Barnes will not be heard to ques-

tion his signature which appears on said join: petition."

Under the facts disclosed by this record we are of the opinion that a final settlement was entered into by the claimant and the petitioners and the same was approved by the order of the Commission. We are further of the opinion that under the authority of the Tippin Case, supra, the Commission had no jurisdiction to enter any of the orders made and entered by it after its order had been entered approving the final settlement. When that order was entered in the absence of fraud, the Commission had no further jurisdiction in the matter.

The petition to vacate the award is granted, and the case is remanded, with directions to dismiss it.

LESTER, C. J., CLARK, V. C. J., and McNEILL and KORNEGAY, JJ., concur. RILEY and SWINDALL, JJ., concur in conclusion. CULLISON and ANDREWS, JJ., absent.