## CAMEO BLACKSTONE COAL CO. et al. v. PURCELL et al.

No. 22663.  Opinion Filed Nov. 3, 1931.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

Commons & Chandler, for respondent.

KORNEGAY, J. This is an original proceeding to review the action of the Industrial Commission in setting aside a final award made pursuant to a joint petition. The award is considerable in amount, being for total disability, less a credit of $2,000 paid as a final award on July 2, 1927, and the sum of $43.60 that was paid and receipted for by the claimant below on the 19th day of April, 1926, in which there is a statement that the employee returned to work on the 1st of March, 1926, and that his disability ended on the 28th day of February, 1926.

The entire record has been read, and it appears that the claimant below was advised by his attorneys, and a full hearing was had by the Industrial Commission after a joint petition had been made. There was an award made by the Commission on the 4th of January, 1927, allowing $656.63 as compensation to January 1, 1927, and continuing the same at the rate of $15.39 a week until termination of the disability. Proceedings were brought in this court to review that award, before it, and was later followed before the Commission by a joint petition in the form of an agreement signed

by the claimant and by his lawyers, Williams and Norton, and it stipulated that it was a final settlement for the sum of $2,000, the agreement being dated June 30, 1927, and payment made on the 2nd of July, 1927, at which time a hearing was had before the Commission and an order made approving this as a final settlement. The date of this order was July 2, 1927. On the same day, this court remanded the case to the Commission to determine whether or not it would approve the settlement.

A motion to reopen the cause and award further compensation was received by the Industrial Commission April 6, 1931. It set up that the claimant had gotten worse and claimed that he was misled by the advice of the doctors. The matter came on for hearing on the 31st of July, 1931, and the parties appeared and testimony was taken, and award made as heretofore set out.

The petitioners for review have filed a brief, and it complains of the action of the Commission because there was no evidence to support a finding that the joint petition settlement was procured by fraud, and cites some cases of railroad settlements. One of those cases is Chicago, R. I. & P. Ry. Co. v. Perkins, 115 Okla. 233, 242 P. 535, to the effect that fraud must be predicated upon facts and does not arise out of a promise as to future action. Also the case of Davis v. Higgins, 95 Okla. 32, 217 P. 193, is cited to establish the fact that because a doctor predicted a man would get well, where no fraud, deceit, or imposition was practiced upon him, and the opinion of the doctor was given in good faith, it would not help. Also the case of Lusk v. White, 58 Okla. 773, 161 P. 541, is cited as to the fraud being based on facts instead of future contingencies, and the position is taken that there is no evidence that the doctors were acting in bad faith.

We agree with the petitioners as to these contentions as to fraud, as shown by this record, but we do not think it is necessary to go into anything more than the admitted facts, which are as heretofore indicated, viz., a final settlement on joint petition approved by the Commission. There are two cases cited by petitioners to review: Willett v. State Industrial Commission, 129 Okla. 101, 263 P. 664, and Kelly-Dempsey Co. v. State Industrial Commission, 148 Okla. 288, 298 P. 591. The former was a Commissioner's decision, approved, however, by the court, and the clear logic of it is that where there is a settlement had on joint petition, the Commission loses jurisdiction to consider the case further after the payment is made and approved, though the words "in the absence of fraud" are thrown in for good measure. The latter case, Kelly-Dempsey Co. v. Industrial Commission, cited above, is an opinion by the court, recently rendered, holding that where the Commission makes an award and proceeding is had to review it, and before the petition to review is decided a second award is made, upon being advised of the situation this court will dismiss the proceeding to review. Respondent has cited several cases as to review of findings of fact, and as to setting up the defense of limitation. The settlement is admitted. However, we do not think in this case that citation of authorities is required. The statute is plain and needs no interpretation. As enacted originally, section 7325, as it appeared in the acts of 1915, now appearing in C. O. S. 1921, reads as follows:

"7325. Amendment of Orders—Continuing Jurisdiction. The power and jurisdiction of the Commission over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings or orders relating thereto as, in its opinion may be just, including the right to require physical examination as provided for in section 9 of article 2 of this act (7293), and subject to the same penalties for refusal."

In 1923 the Legislature, evidently recognizing that jurisdiction should be conferred upon the Commission to have a final settlement, amended the section to read as follows:

"7325. Amendment of Order—Continuing Jurisdiction. The power and jurisdiction of the Commission over each case shall be continuing, and it may from time to time make such modifications or changes with respect to former findings or orders relating thereto, if, in its opinion, it may be justified, including the right to require physical examinations as provided for in section 7293, and subject to the same penalties for refusal; provided, that upon petition filed by the employer or insurance carrier and the injured employee, the Commission shall acquire jurisdiction to consider the proposition of whether or not a final settlement may be had between the parties presenting such petition. The Commission is authorized and empowered to have a full hearing on the petition, and to take testimony of physicians and others relating to the permanency or probable permanency of the injury, and to take such other testimony relevant to the subject-matter of such petition as the Commission may require. The Commission shall have authority to consider such petition and to dismiss the same without a hearing if in

its judgment the same should not be set for hearing; the expense of such hearing or investigation, including necessary medical examinations, shall be paid by the employer or insurance carrier and such expenses may be included in the final award. If the Commission decides it is for the best interest of both parties to said petition that a final award be made, a decision shall be rendered accordingly and the Commission may make an award that shall be final as to the rights of all parties to said petition and thereafter the Commission shall not have jurisdiction over any claim for the same injury or any results arising from same. If the Commission shall decide the case should not be finally settled at the time of the hearing, the petition shall be dismissed without prejudice to either party, and the Commission shall have the same jurisdiction over the matter as if said petition had not been filed. The same rights of appeal shall exist from the decision rendered under such petition as is provided for appeals in other cases before the Commission, provided there shall be no appeal allowed from an order of the Commission dismissing such petition as provided in this section."

Under this statute, the Commission has no further jurisdiction of the claim, and if claimant was defrauded it was a matter to be remedied in the courts, if he has a right to set aside the final award made July 2, 1927.

The award of July 31, 1931, is set aside, and the cause is remanded to the Commission, with directions to set it aside and dismiss the proceedings.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. CLARK, V. C. J., dissents.