**REINHART & DONOVAN et al. v. DEAN et al.**

No. 22677.    Opinion Filed Nov. 15, 1932.

C. B. Pierce and Fred M. Mock, for petitioners.

Fred M. Hammer and M. J. Parmenter, for respondent W. D. Dean.

CULLISON, J.    This is an original proceeding in this court to review an award of the State Industrial Commission rendered on July 8, 1931, in favor of W. D. Dean, claimant. Petitioners contend and allege:

"When a final settlement in writing has been agreed upon by the employer and the employee, and said settlement is approved by the Commission under the authority granted it by section 7325, C. O. S. 1921, as amended by section 13, ch. 61, of the Session Laws of 1923 [O. S. 1931, sec. 13391] and the order, approving the settlement becomes final, in the absence of fraud, the Commission is without jurisdiction thereafter to reopen the case and make an additional award."

In consideration of said question, it will be necessary to review the record. The record discloses that claimant received an injury while in the employ of petitioner. That a hearing was had in said cause on January 27, 1925, at which hearing Commissioner Roblin presided. Thereafter, a second hearing was held on February 24, 1925, at which hearing Commissioner Myers presided.

On March 13, 1925, claimant and petitioner entered into an agreement in the form of a petition for the settlement of said cause, which petition was filed with the Commission on March 14, 1925, and thereafter, on March 18, 1925, the Commission issued its order approving said settlement,

which said order was signed by the three members of the Commission.

In 1929, claimant filed a motion with the Industrial Commission to reopen said cause and award further compensation. Petitioners objected to the jurisdiction of the Commission to reopen said cause on the ground that said case was closed, and that the Commission had no jurisdiction to reopen the same. The Commission proceeded to hear said cause, heard testimony therein, and rendered the award herein complained of.

In paragraph 4 of the award under consideration, the Commission found that the former award of the Commission was the same as an approval of form 7 or form 14, and that no hearing was had thereon; that only one Commissioner was familiar with the facts in this case; and that, therefore, it was not a joint petition settlement, or a settlement in any way that was full, final, and complete.

It will be observed that the first part of the finding in paragraph 4, as stated, deals with the legal effect of the particular instruments filed in said cause and the legal effect of said instruments, and the acts of the State Industrial Commission in response to said instruments filed are questions of law, and as such are questions for this court to construe.

The finding that only one Commissioner was familiar with the facts in this particular case is not borne out by the record. The record discloses that Commissioner Roblin presided at a public hearing in said cause on January 27, 1925. The record further discloses that Commissioner Myers, another member of the Commission, presided at a public hearing on February 24, 1925, at both of which hearings testimony was received in said cause. That after the two hearings in said cause, the petitioner and claimant entered into an arrangement whereby they petitioned the State Industrial Commission to settle this case on the basis of certain facts set out in said instrument.

Thereafter, they recited the fact that testimony had been heard in said cause, that certain compensation had been paid, that certain supplemental reports should be made a part of the record, and that inasmuch as all parties had appeared in the former hearings notice of hearing on approval of this agreement was waived, and that the parties are willing that the settlement be a full and final settlement for the additional sums to be paid, and that the claimant is cognizant of section 7325, C. O. S. 1921, and a portion of said section is set out in said instrument, which instrument was signed by the claimant, the attorney for petitioners, and witnessed by E. C. Patton, attorney for the claimant.

The order approving said settlement made by the Commission on March 18, 1925, appears to be a short form order used by the Commission at that time, which is as follows (omitting caption):

"Approval of Settlement.

"It is ordered: That the final payment of $335.32 making an aggregate sum of $335.32 heretofore paid as compensation in this cause be and the same is hereby approved on this Mar. 18, 1925.

"F. L. Roblin, Chairman,

"H. C. Myers, Commissioner,

"Edgar Fenton, Commissioner."

The determining question is whether or not the petition as outlined and the order approving the same is a sufficient compliance with the requirements of section 7325, as amended, so as to finally close said case.

The question of a final settlement and conclusion of a cause before the State Industrial Commission under the provisions of section 7325, as amended, has been before this court and passed upon in the case of Willett v. Industrial Commission of Oklahoma, 129 Okla. 101, 263 P. 664, in the case of Tippin v. State Industrial Commission, 134 Okla. 179, 272 P. 848, and in the case of Mabee v. Crowder, 148 Okla. 245, 299 P. 417.

The latter case is especially in point with the case at bar, and in passing upon said cause this court said:

"When a final settlement in writing has been agreed upon by the employer and the employee, and within a few days after the hearing of the evidence by the Commission the joint petition for settlement is filed with it, and it thereafter reviews the record and the evidence, and enters its order approving the final settlement between the employer and the employee under the authority granted it by section 7325, C. O. S. 1921, as amended by section 13, chapter 61, of the Session Laws of 1923, and the order approving the settlement becomes final in the absence of fraud, the Commission is without jurisdiction thereafter to reopen the case and make an additional award."

Under section 7325, as amended, the Commission acquires jurisdiction to make a

final settlement of a case where a petition is filed by the employer and the injured employee. Said section then provides for the type of hearing that may be had upon said petition.

Claimant contends in the case at bar that no hearing was had upon the petition after the same was filed with the Commission. The record discloses that two public hearings were held in said cause before the petition was filed, but that no hearing was held after said petition was filed.

The petition which was agreed to by both parties stated that considerable testimony had been taken in the case, together with medical reports, which have been filed and which are made a part of this record, and further provided that, inasmuch as all parties have agreed in the former hearings, notice of hearing on the approval of this agreement is hereby waived.

In the Mabee Case, just cited, supra, the same state of facts existed. The hearings in said cause were held before the petition was filed, and the court held that the Commission could review the record and evidence and approve the final settlement between the employer and employee under section 7325, and that such settlement became final when not appealed from.

We next consider the question of whether the order rendered on March 18, 1925, by the State Industrial Commission was sufficient to terminate said cause and divest the Commission of jurisdiction under section 7325, as amended.

The order in question has been quoted above, and while said order is not extensive and does not go into detail as to the matters covered therein, it refers to the settlement as proposed in the petition for final settlement, and we must conclude that said order was made in pursuance of said petition for final settlement.

We further observe that under section 7325 there are only two things for the Commission to do. It could either approve the settlement or dismiss the petition.

There is no showing in the record that the petition was dismissed, so the order made approving settlement and final payment must be construed to be an award approving said joint petition and closing said cause.

The petition to vacate is granted, with directions to set aside the award.

LESTER, C. J., and HEFNER, SWIN-DALL, ANDREWS, and McNEILL, JJ., concur. CLARK, V. C. J., and KORNEGAY, J., dissent. RILEY, J., absent.