SPECIAL INDEMNITY FUND
v. DIMPEL et al.

No. 33165.    June 21, 1949.

*207 P. 2d 776.*

Mont R. Powell and Don Anderson, both of Oklahoma City, for petitioner.

Hugh M. Sandlin, of Holdenville, for respondent Merl Albert Dimpel.

HALLEY J. On October 24, 1946, claimant, Merl Albert Dimpel, filed with the State Industrial Commission his claim against Woods Machine Company for an injury sustained by him while working for said employer on September 23, 1946, resulting in the loss of his left eye. In his claim he also alleged that he was, at the time he received that injury, a physically impaired person. The Woods Machine Company and its insurance carrier filed an answer, and Special Indemnity Fund also filed an answer, in which it denied that claimant was a physically impaired person at the time he received his last injury, and alleged that the combination of the old injury and the last injury did not materially increase claimant's disability over the last injury standing alone.

The trial commissioner made an order dismissing the Special Indemnity Fund from the proceeding and awarding compensation to claimant for the loss of his eye. On appeal to the commission sitting as a whole, the order was affirmed as against Woods Machine Company, but vacated as to Special Indemnity Fund, and the cause remanded for further evidence. Thereafter a hearing was held, and an award was made holding that claimant was a physically impaired person and was entitled to compensation in an amount therein stated from Special Indemnity Fund. This award was affirmed by the commission en banc on appeal and Special Indemnity Fund brings this proceeding to review an award made against it.

Special Indemnity Fund first contends that there is no evidence that claimant was a physically· impaired person. The evidence on this point consisted of the record in a previous proceeding before the Industrial Commission in 1942, in which the commission approved a joint settlement agreement between claimant and Gulf Oil Corporation for permanent partial disability as a result of an injury, or injuries, received by claimant while employed by Gulf Oil Corporation, and the further testimony of one witness, one Allen, a layman, who testified that claimant, after the old injury received by him in 1941, while employed by the Gulf Oil Corporation, walked with a noticeable limp, and that when on hunting trips, etc., claimant was bothered with his leg and back so that he had to sit down every few minutes.

Indemnity Fund argues that this evidence is not sufficient to comply with any of the conditions stated in Special Indemnity Fund v. Keel, 196 Okla. 315, 164 P. 2d 996, as required to be shown to render claimant a physically impaired person. This contention may not be sustained.

While in the proceeding, before the Industrial Commission in 1942, resulting in a joint settlement between claimant and Gulf Oil Corporation for injuries sustained by him in 1941 and 1942, the commission did not specifically find and adjudge that claimant, by reason of said injuries, had suffered permanent partial disability, the approval of the joint settlement agreement, whereby claimant received from Gulf Oil Corporation in settlement of his claims for such injuries the sum of $2,500, was, in our judgment, a sufficient award for such disability to constitute claimant a physically impaired person whose disability had previously been adjudged and determined by the State Industrial Commission. Previous to the approval of the joint settlement agreement the Industrial Commission had by order found that the temporary total disability of the claimant had ceased, but that the matter of his permanent disability was still to be determined, so that the joint settlement was necessarily made with a view of adjusting claimant's claim for permanent disability.

In 85 O.S. 1941 §84, the order of the commission made on such joint settlement is referred to as a final award, and such order seems generally to have

been considered an award in our previous decisions. See Reinhart & Donovan v. Dean, 160 Okla. 116, 16 P. 2d 85; Cameo Blackstone Coal Co. v. Purcell, 153 Okla. 21, 4 P. 2d 753; Kelly-Dempsey Co. v. State Industrial Commission, 149 Okla. 266, 299 P. 908. When, in addition to the record of this previous proceeding, we consider the testimony of the layman, Allen, that he had frequently observed claimant, and that after the injury in 1941 claimant walked with a noticeable limp, we think it apparent that the finding of the commission that claimant was a physically impaired person is sustained by sufficient competent evidence.

Petitioner also contends that the award improperly combines eye with back and hip disability. With this we cannot agree, because the previous disability was more than a back and hip injury and included the specific member, the right leg, which was more than an inch shorter than the left. The injury that resulted in the shortening of the right leg was not definitely determined by the evidence, but it is undisputed that it is sufficiently shorter to make claimant a physically impaired person under the statute.

There was definite testimony by claimant's physician that there was materially greater disability ·by the combination of the partial loss of use of the leg and the loss of the eye, as required by Title 85 O.S. §172.

The commission found that the claimant sustained 70 per cent permanent partial disability to the body as a whole, or 350 weeks, at $21 per week, which is $7,350. From this was deducted $2,100 paid for loss of the left eye and $1,470 for 40 per cent partial disability to the right leg, leaving a balance to be paid claimant by Special Indemnity Fund of $3,780. In our opinion the $2,500 paid by Gulf Oil Corporation to claimant in the joint settlement of December 30, 1942, was paid for the disability now being combined with the eye injury, and the full $2,500 should be deducted from $7,350, instead of $1,470. This would leave $2,750 that is to be paid by the Special Indemnity Fund to claimant. The award, as so modified, is affirmed.

DAVISON, C.J., and WELCH, CORN, JOHNSON, and O'NEAL, JJ., concur. ARNOLD, V.C.J., and GIBSON and LUTTRELL, JJ., dissent.