SPECIAL INDEMNITY FUND
v.
OSBORNE et al.
No. 35447.

Supreme Court of Oklahoma.
June 15, 1954.

DAVISON, Justice.

Virginia Osborne, hereinafter called claimant, filed her first notice of injury and claim for compensation stating that on June 15, 1951, while employed by the Sanders Manufacturing Company, she sustained an accidental injury to her foot. Special Indemnity Fund was made a party by reason of claimant being a physically impaired person under the provisions of 85 O.S.1951 § 171 et seq., having previously sustained a disability due to a hand injury. An order was entered on December 27, 1951, for payment of 10 per cent disability to the foot and 17 per cent to the body as a whole. Settlement on joint petition was made under date of February 7, 1952, with Sanders Manufacturing Company and its insurance carrier. This appeal is from the order made against Special Indemnity Fund, hereinafter referred to as petitioner. The award in part is as follows:

"That as a result of the combination of the pre-existing 10% permanent partial disability to the right hand by reason of the injury of 1949, together with the 10% permanent partial disability to the right foot in June 1951, the claimant has sustained a 17% permanent partial disability to the body as a whole, being 85 weeks or $2,125.00.

"That the claimant is entitled to 17% permanent partial disability to the body as a whole against the Special Indemnity Fund, less the deductions allowed by Law being 15 weeks for the 10% permanent partial disability to the right foot by reason of the injury of June 15, 1951, or $375.00 and less the 10% permanent partial disability to the right hand by reason of the injury of October 12, 1949, or 20 weeks, totaling $500.00, which would equal 50 weeks or 10% to the body as a whole totaling $1,250.00 payable at the rate of $25.00 per week."

Mont R. Powell, William R. Saied, Sam Hill, Oklahoma City, for petitioner.

Harlan S. Trower, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

██ Petitioner first argues that the evidence does not sustain the finding that claimant is a physically impaired person. In Special Indemnity Fund v. Dickinson, 208 Okl. 39, 253 P.2d 161, 163, in consider-

ing a very similar question a witness testified that he knew claimant had a knee injury because he saw him constantly limping. Therein we stated:

"* * * However, we see no reason why an injury does not become 'obvious and apparent' when according to the common parlance of a lay witness it is obvious that the person involved is constantly conducting himself as a physically impaired person. * * *"

Mrs. McMahan testified that she saw claimant rest her hand and change during her work and that when she came home in the evening her hand was swollen; that witness saw a deformed bone in the wrist of the hand. Prior to her testimony claimant had introduced, over the objection of petitioner, the records of the Industrial Commission of the State of Illinois showing a payment of $573 in an award made by the Industrial Commission of Illinois to claimant. The commissioner, at the conclusion of the testimony of Mrs. McMahan stated:

"Unless the law takes the State Industrial Commission of Illinois record to show a previous impaired person, I am going to disagree with Miss McMahan, as from my observation I can't tell she has suffered an injury."

From this evidence we cannot assume that the commissioner meant to disagree with the statement of the witness that she frequently saw claimant change hands or rest her hand in her work, or saw the hand swollen at night after claimant had quit work. We cannot conclude that by the single statement which is unexplained that the commissioner intended to ignore all the competent evidence of the lay witness because he afterwards found in his award that the fact of physical impairment was sustained by the evidence of a lay witness. In this connection petitioner argues that there was error in introducing the records referred to above of the Industrial Commission of Illinois. We find it unnecessary to answer the argument that these records are not helpful and are surplusage and not competent for any purpose. If error, the error was harmless. We are of the opinion and hold there is competent evidence

that claimant was a physically impaired person.

In its second and final proposition petitioner argues that the award is exorbitant. This is in effect an argument that there is no competent evidence reasonably tending to support the finding that by reason of the combination of the prior disability to the hand and the subsequent disability to the foot claimant now has 17 per cent disability to the body as a whole. On this point petitioner cites Special Indemnity Fund v. McMillin, 198 Okl. 412, 179 P.2d 475, and argues that the percentage of disability to the body as a whole is out of proportion to the testimony submitted since it tends to show that claimant was not prevented from doing the same work that any other individual did by reason of the prior physical disability. In Special Indemnity Fund v. Hobbs, 196 Okl. 318, 164 P.2d 980, 983, in answering a similar contention it is stated:

"The petitioner contends that the pre-existing injury in no way incapacitated the claimant for work or labor or caused any decrease in wages or wage-earning capacity. The injuries here involved are to two specific members. Under Title 85 O.S.1941 § 22, subdiv. 1, the claimant has a right to compensation for injuries to two specific members based upon a percentage of permanent total disability for the partial loss of use of two specific members, as in subsection 1 provided. * * *"

Competent medical expert witnesses testified that by reason of the combination of the disability to the hand and to the foot claimant had more than 17 per cent disability to the body as a whole. This is competent evidence from which the State Industrial Commission could base its finding that claimant had a disability of 17 per cent.

Petitioner also argues that since the record to which he objects shows that the Illinois Commission paid claimant $573 it is the duty of the State Industrial Commission to allow credit for said $573 instead of $500 as found by the Commission. Petitioner cites Special Indemnity Fund v. Dim-

pel, 201 Okl. 526, 207 P.2d 776. We cannot agree. As argued by claimant there was no adjudication or finding in the case under consideration that $573 was paid by the Industrial Commission of Illinois for the disability to the hand alone. The finding of the State Industrial Commission that the disability to the hand should be computed on the basis of $500 is based upon evidence offered to the State Industrial Commission of Oklahoma to establish that fact and is sustained by such evidence.

The award is sustained.