SPECIAL INDEMNITY FUND of the State OF OKLAHOMA, administered by the State Insurance Fund, Petitioner,

v.

Raymond R. SIMPSON and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 38636.

Supreme Court of Oklahoma.

Feb. 9, 1960.

Mont R. Powell, Mary Elizabeth Cox, Oklahoma City, for petitioner.

Hatcher & Wilson, Pauls Valley, Looney, Watts, Looney & Nichols, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Justice.

On the 27th day of August, 1958, Raymond R. Simpson, hereinafter called claimant, filed his first notice of injury and

claim for compensation stating that while employed by Harper Oil Company he sustained an accidental injury arising out of and in the course of his employment on May 6, 1958, when he strained his back while working on a pump. An amended claim was filed September 2, 1958 which, among other things, changed the date of the accidental injury to May 12, 1958. Claimant died following the filing of the proceeding in this court, and the cause was revived as to the claimant in the name of Grace Simpson on November 24, 1959.

The State Industrial Commission entered an award in part as follows:

"That on May 12, 1958, claimant sustained an accidental personal injury to his back, arising out of and in the course of his hazardous employment with respondent, Harper Oil Company; that prior to said injury claimant was a previously impaired person by virtue of having on July 30, 1948, sustained an accidental personal injury to his back resulting in 34.25 percent permanent partial disability to the body as a whole, and affliction of Hodgkins disease in 1957, both of which resulted in 75 percent permanent partial disability to the body as a whole prior to claimant's last injury to his back in May, 1958.

"That claimant's rate of compensation is $30.00 per week; that due to claimant's last injury to his back he sustained 25 percent permanent partial disability to the body as a whole, which was settled on joint petition for the amount of $3750.00, and was paid in addition thereto the sum of $315.00, as compensation for temporary total disability due to said injury, being a total paid for said injury of $4065.00; and that as a result of the combination of claimant's previous disability and the disability sustained in the last injury claimant is now permanently and totally disabled and is entitled to compensation for 500 weeks at $30.00

per week, or a total amount of $15,-000.00, less the sum of $4065.00 paid for the last injury, leaving the Special Indemnity Fund obligated to pay compensation to claimant in the total amount of $10,935.00 at $30.00 per week."

This proceeding is brought by Special Indemnity Fund to review the award.

The record discloses that claimant sustained an accidental injury on July 29, 1950, while employed by the same employer, and that the disability resulting from this accidental injury was settled on joint petition December 28, 1950, and he was paid $4,797.50. In this proceeding Dr. R filed a report which shows a permanent partial disability of 35 percent to the body as a whole.

In 1957, claimant developed Hodgkins disease. The disability resulting from the latter injury was settled on joint petition September 26, 1958. There is substantial evidence that by reason of the disability caused by the latter injury and the disability caused by the prior injury and disability claimant is totally and permanently disabled, and this issue is not raised by petitioner.

■ Petitioner first argues that claimant was not a physically impaired person within the meaning of 85 O.S.1951 § 171. In Special Indemnity Fund of State v. Keel, 196 Okl. 315, 164 P.2d 996, 997, it is stated:

"The act specifically defines the term 'physically impaired person,' and the operative force of the act is made dependent upon the existence of said condition. One of the four conditions set forth in the statute must be found to exist before the Commission is authorized to make an award thereunder. They may be enumerated as follows: (1) Loss of the sight of one eye; (2) loss by amputation of the whole or part of some member of his body; (3) total or partial loss of use of a specific member such as is obvious and apparent from observation

or examination by an ordinary layman, that is, a person who is not skilled in the medical profession; (4) any disability which previously has been adjudged and determined by order of the State Industrial Commission. * * *"

We have heretofore held that a settlement on joint petition constitutes a final award. Reinhart & Donovan v. Dean, 160 Okl. 116, 16 P.2d 85; Cameo Blackstone Coal Co. v. Purcell, 153 Okl. 21, 4 P.2d 753; Kelly-Dempsey Co. v. State Industrial Commission, 149 Okl. 266, 299 P. 908; Indian Territory Illuminating Oil Co. v. Ray, 153 Okl. 163, 5 P.2d 383; and Tippin v. State Industrial Commission, 134 Okl. 179, 272 P. 848.

In Special Indemnity Fund v. Dimpel, 201 Okl. 526, 207 P.2d 776, 778, we considered a case involving an award against the Special Indemnity Fund. Therein we said:

"While in the proceeding before the Industrial Commission in 1942, resulting in a joint settlement between claimant and Gulf Oil Corporation for injuries sustained by him in 1941 and 1942, the Commission did not specifically find and adjudge that claimant, by reason of said injuries, had suffered permanent partial disability, the approval of the joint settlement agreement, whereby claimant received from Gulf Oil Corporation in settlement of his claims for such injuries the sum of $2,500, was, in our judgment, a sufficient award for such disability to constitute claimant a physically impaired person whose disability had previously been adjudged and determined by the State Industrial Commission. Previous to the approval of the joint settlement agreement the Industrial Commission had by order found the temporary total disability of the claimant had ceased, but that the matter of his permanent disability was still to be determined, so that the joint settlement was necessarily made with a view of adjusting claimant's claim for permanent disability."

Petitioner points out that Special Indemnity Fund v. Dimpel, supra, involves the disability to a specific member. We think this is of no legal significance. 85 O.S.1951 § 171, provides that the claimant is a physically impaired person if the disability is adjudged and determined. We therefore hold that where there is a prior settlement on joint petition which discloses that claimant had substantial permanent disability to the body as a whole the disability has been adjudged and determined within the meaning of Section 171, supra.

█ It is next argued that it was the duty of the State Industrial Commission to evaluate claimant's disability due to Hodgkins disease. A similar argument was made by the Special Indemnity Fund in Special Indemnity Fund of Oklahoma v. Townsend, Okl., 346 P.2d 928, 930. Therein we stated:

"We think the Fund's contention would be correct if the Commission had found that claimant as a result of his combined injuries sustained a disability less than permanent total, but we do not think its contention can be sustained in this case since the Commission found that as a result of his combined injuries he was permanently totally disabled for the reason that if claimant's combined injuries had resulted in a disability less than permanent total it would have been necessary, in order to arrive at compensation to be awarded against the Fund, to deduct from compensation allowable for claimant's combined injuries compensation allowable for disability to the body as a whole due to his prior injuries. No such deduction is required where claimant's combined injuries result in permanent total disability. See Special Indemnity Fund v. Long, Okl., 281 P.2d 933, and cited cases."

In this connection petitioner argues that there is no finding that the Hodgkins disease and the prior physical impairment did not constitute claimant permanently totally disabled. There is inherent in the finding of the State Industrial Commission that claimant is a physically impaired person the necessary finding that he is less than totally and permanently disabled. There was no error in the failure of the State Industrial Commission to determine the specific disability resulting from either the prior injury or the disability caused by Hodgkins disease.

Award sustained.