SPECIAL INDEMNITY FUND of the State of Oklahoma, administered by the State Insurance Fund, Petitioner,

v.

Lester L. McCOY, Unit Drilling Company, The Travelers Insurance Company and the State Industrial Court, Respondents.

No. 38391.

Supreme Court of Oklahoma.

April 12, 1960.

Mont R. Powell, Oklahoma City, Moraul Bosonetto, Sapulpa, for petitioner.

Clay Wise, Sam Hill, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Justice.

On the 19th day of January, 1958, Lester L. McCoy, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by Unit Drilling Company, employer, he sustained an accidental injury arising out of and in the course of his employment on September 23, 1957. This claim was settled on joint petition in so far as it involves the Unit Drilling Company for $2,667, and thereafter proceedings were conducted and an award entered against Special Indemnity Fund for $12,333. This proceeding is brought by Special Indemnity Fund, hereinafter called petitioner, to review the award against the Fund.

The record discloses that the latter injury was caused by a heavy piece of machinery falling on claimant injuring his head and foot. The State Industrial Commission found that due to this injury there was 32 percent disability to the right foot and 5 percent disability to the body as a whole; that due to the prior disability claimant was a physically impaired person and that by reason of the combination of the disability caused by the prior injury and disease and the disability caused by the latter injury claimant is permanently and totally disabled. The finding of the State Industrial Court as to prior disability is based upon three injuries. One of these injuries was received in 1956 when claimant was employed by Noble Drilling Company when his teeth were knocked out, his head, throat and back were injured. The claim for disability resulting from this injury was settled on joint petition for $5,000. The State Industrial Court also found that claimant had impaired eyesight due to weakness, and that this condition had existed since childhood. There is evidence that prior to the latter injury claimant was unable to perform any work without the aid of glasses.

Petitioner argues that there is no competent evidence tending to sustain the finding of the State Industrial Court.

In Special Indemnity Fund v. Hunt, 200 Okl. 1, 190 P.2d 795, 799, it is stated:

"* * * The definition of a 'physically impaired person' fixes the conditions precedent to attachment of jurisdiction of the Commission over the Fund. The evidence thereon will be weighed on review and determined independently of the Commission's general finding that an employee was a 'physically impaired person.' If the evidence, having been weighed by us, is sufficient to and did confer authority on the Commission to enter an award against the Fund, the general determination that the employee was a 'physically impaired person' will be approved. * * *"

■ The State Industrial Court found, among other things, that claimant was a physically impaired person by reason of the injury of 1956. The disability resulting from this injury was settled on a joint petition for $5,000. In Special Indemnity Fund v. Simpson, Okl., 349 P.2d 635, we said:

"Where the record discloses that claimant is disabled by reason of the combination of a prior disability and a disability caused by the last injury a settlement on a joint petition for the prior disability which discloses that claimant had substantial disability to the body as a whole is an adjudging and determining of such disability within the meaning of 85 O.S.1951, § 171."

See, also, Reinhart & Donovan v. Dean, 160 Okl. 116, 16 P.2d 85; and Cameo Blackstone Coal Co. v. Purcell, 153 Okl. 21, 4 P.2d 753.

The evidence discloses that claimant was a physically impaired person as defined by 85 O.S.1951 § 171.

Petitioner cites Special Indemnity Fund v. Prewitt, 201 Okl. 308, 205 P.2d 306, in support of the rule that an employee who is totally and permanently disabled prior to the latter injury is not entitled to an award against Special Indemnity Fund and argues that claimant was industrially blind prior to the latter injury and cites in support thereof Special Indemnity Fund v. Woodrow, 206 Okl. 580, 245 P.2d 445, in which

this court sustained an award for permanent total disability where claimant was industrially blind; and Marland Refining Co. v. Colbaugh, 110 Okl. 238, 238 P. 831, holding claimant entitled to an award for partial loss of vision due to an accidental injury even though employer showed such loss of vision could be corrected by use of glasses. These cases are not in point. Claimant was working for Unit Drilling Company and able to perform his work satisfactorily despite the disability to his eyes or his back prior to the latter injury.

In Clyde's Auto Salvage & Coal Operators Cas. Co. v. Hughes, 204 Okl. 467, 231 P.2d 356, 358, we considered a case in which after an operation claimant had been paralyzed from the hips down. In a latter injury due to fire he lost all ability to perform any labor. Therein we said:

"The medical testimony is in conflict, and although one doctor testified that claimant was totally and permanently disabled by the operation, the others fixed his disability prior to the accidental injury at permanent partial. In Dierks Lumber & Coal Co. v. Lindley, 182 Okl. 185, 77 P.2d 44, 46, we said:

" 'Ordinarily a disability cannot be classified as total under the Workmen's Compensation Law, St.1931, § 13348 et seq., as amended, 85 Okl.St.Ann., § 1 et seq., where the earning power of the employee is not wholly destroyed and capacity to perform remunerative employment remains. Oklahoma Gas & Electric Co. v. Hardy, 179 Okl. 624, 67 P.2d 445.' "

A similar situation was discussed in Starr Coal Co. v. Evans, 199 Okl. 342, 184 P.2d 638, 640. Therein the court stated:

"Petitioner also contends that by reason of respondent's prior injury he was totally permanently disabled within the meaning of the Workmen's Compensation Act and he could not therefore recover compensation because of a future injury. This contention cannot be sustained. The evidence discloses that notwithstanding respondent's previous injury he was still able to perform and did satisfactorily perform manual labor. His earning capacity was not entirely destroyed by reason of his prior injury. Such earning capacity as he still had was further impaired by his present injury. He was therefore entitled to recover compensation by reason of such injury notwithstanding the previous injury. 85 O.S.1941, § 22, subd. 6."

■ Petitioner also argues that claimant was able to perform his labor as a roughneck without serious discomfort before the latter injury, and thus the record discloses there was no disability. This would appear to be inconsistent with the above argument that prior to the last injury claimant was totally and permanently disabled. There is a conflict in the medical evidence, and in such cases we have stated:

"Where, in a proceeding before the Industrial Commission, the disability alleged to exist is of such character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proved by the testimony of skilled professional persons, and a finding of fact based thereon when reasonably supported will not be disturbed." City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094.

■ Three competent medical experts stated that he has a disability due to a combination of the prior disability and the disability caused by the latter injury. At least two of these medical experts stated the claimant is totally and permanently disabled by reason thereof. The award is supported by competent medical expert testimony.

■ Finally, it is argued that there was no finding as to the degree of disability caused by the prior injury and disease. We think in fairness to petitioner it should be stated that the brief of petitioner was filed prior to the three cases determinative of this question. Special Indemnity Fund of Oklahoma v. Townsend, Okl., 346 P.2d

928; Special Indemnity Fund v. Wilson, Okl., 348 P.2d 1072; Special Indemnity Fund v. Simpson, supra. In Special Indemnity Fund v. Simpson, supra, we stated:

"In workmen compensation proceedings against Special Indemnity Fund where a combination of prior injuries and disability and the last injury results in total permanent disability, it is not essential that the State Industrial Commission find the percent of disability resulting from the prior disability or disease which constituted claimant a physically impaired person."

There was no error in failing to make a finding as to the degree of disability due to the prior injury or disease.

Award sustained.